(No. 31605.—)
JOHN LINDQUIST, Appellant, *vs.* THE VILLAGE OF ISLAND LAKE *et al.,* Appellees.

*Opinion filed November 27, 1950.*

LOOZE & KINNE, of McHenry, (HARRY C. KINNE, JR., of counsel,) for appellant.

PETER PAUL GADDY, of Melrose Park, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the county judge of Lake County based upon the following facts:

A petition signed by 78 persons alleging they were legal voters within the limits of certain territory, the major part of which was located in Lake County and the minor portion in McHenry County, was filed in the county court of Lake County praying that certain territory be organized and incorporated as a village and setting forth facts which it is contended comply with sections 3-1, 3-2, 3-3, and 3-5 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, chap. 24, pars. 3-1, 3-2, 3-3, and 3-5.) In compliance with the petition, the county judge of Lake County gave notice that a special election would be held on February 11, 1950, on the question of whether or not the territory described in the petition should be incorporated under the general law as a village to be known as "Village of Island Lake" and designating polling places.

Proper notice of the election was given under the order of the county court of Lake County and the majority vote at said election was cast for village organization. Subsequently an order was signed by the county judge ordering that the territory be deemed in law and declared to be a duly organized and incorporated village under the name, style and description of "Village of Island Lake." This order was entered on February 17, 1950. On February 24, 1950, the appellant, a duly qualified elector in the territory, filed an unverified petition in said cause stating a large number of conclusions as to the facts and setting forth that because no petition addressed to the judge of the county court of McHenry County was ever filed in McHenry County, similar to the one presented to the county court of Lake County and because no order was entered by the judge of the county court of McHenry County calling a special election and no order ever entered by that court

declaring all of the territory to be a duly organized and incorporated village under the name of "Village of Island Lake," that the order and judgment of the county court of Lake County entered on February 14, 1950, as amended on February 17, 1950, was of no legal effect.

The prayer of the petition asked that the said order be vacated and declared null and void in its entirety. The appellees filed a motion to strike the petition as insufficient in law and, upon a hearing, the county court of Lake County granted the motion to strike and held that the county court of Lake County had full jurisdiction to enter the order of February 17, 1950.

The appellant bases his right to appeal on the ground that a franchise was involved. He seeks reversal on the ground that part of the area sought to be incorporated was situated in McHenry County and part in Lake County, and that, therefore, it was obligatory upon the 78 petitioners to file their application to the judge of the county court of McHenry County, as well as to the judge of the county court of Lake County, for a valid incorporation.

This is not a *quo warranto* proceeding to challenge the legality or validity of the proceeding in the county court of Lake County organizing the Village of Island Lake. Appellant merely files an unsupported and unverified petition in the nature of a protest, calling attention to certain irregularities in the procedure. His real point is that part of the area to be incorporated was situated in McHenry County and part in Lake County, and, therefore, it was obligatory upon the 78 petitioners to petition the judge of the county court of McHenry County, as well as the judge of the county court of Lake County, for incorporation.

The issue of a franchise is not properly raised by the pleadings nor does the subject matter of the petition entitle the appellant to bring his case to the Supreme Court on direct appeal. Under the allegations of the petition of the

appellant, he merely seeks a construction of the sections of the statute above referred to without in any manner challenging the validity thereof.

In the case of *Illinois State Board of Health* v. *People ex rel. Bailey,* 181 Ill. 512, this court definitely held that, "In cases involving merely the construction of a statute— not its validity—and none of the other conditions existing necessary to give the right of appeal or writ of error directly from the trial court to the Supreme Court, the latter court will have no jurisdiction. The appeal in such case should in the first instance be taken to the Appellate Court. \* \* \* Here no question is raised as to the validity of the statute, nor is it claimed that it violates any provision of the constitution." The law as stated in that case is particularly pertinent to the facts shown by the record in the present case.

Upon the ground that no reasons are shown which give this court jurisdiction of the case, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*