John Lindquist, Plaintiff-Appellant, v. The Seventy-Eight Petitioners in a Certain Petition Filed the 17th Day of January, 1950, in the County of Lake Illinois, Defendants-Appellees.

Gen. No. 10,483.

Opinion filed September 27, 1951. Released for publication October 15, 1951.

LOOZE & KINNE, of McHenry, for appellant; HARRY C. KINNE, JR., of counsel.

PETER PAUL GADDY, of Melrose Park, for appellees.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This case involves an appeal from an order of the county judge of Lake county. The uncontradicted facts are as follows: a petition signed by seventy-eight persons alleging they were legal voters within the limits of certain territory, the greater part of which was located in Lake county, Illinois, and the minor part in McHenry county, Illinois, was filed in the county court of Lake county, praying that certain territory be incorporated as a village and setting forth facts which it is contended comply with Article 3, paragraphs 3–1, 3–2, 3–3, 3–5, and 3–6 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, ch. 24, Art. 3, pars. 3–1, 3–2, 3–3, 3–5, and 3–6 [Jones Ill. Stats. Ann. 21.1134, 21.1135, 21.1136, 21.1138, 21.1139].) In conformity with

the petition the county judge of Lake county gave the statutory notices that an election would be held on February 11, 1950, to determine whether or not the territory described in the petition should be incorporated under the law as a village to be known as "Village of Island Lake."

Notices of the election were given under the order of the county court of Lake county, and a majority vote was cast at the election for the organization of the village. The county judge, pursuant to the election, on February 17, 1950, entered an order finding and declaring that the village was duly organized under the name and description of "Village of Island Lake." On February 24, 1950, the appellant, John Lindquist, being an elector in the territory, filed an unverified petition in the county court of Lake county contending there and here that because a portion of the territory sought to be incorporated was in McHenry county, and that no petition was ever filed or addressed to the county judge of McHenry county similar to the one filed in Lake county, and that because no order was ever entered by the county court of McHenry county calling a special election, that the order and judgment of the county court of Lake county entered on February 14, 1950, and as amended on February 17, 1950, was of no legal effect.

The petition prayed that the order of the county court of Lake county, declaring the village organized, be vacated and declared null and void. The appellees filed a motion to strike the petition as insufficient in law, and upon a hearing and oral arguments upon the same, the county court of Lake county granted the motion to strike and held that it had full jurisdiction to enter the order of February 17, 1950.

An appeal was taken to the Supreme Court on the ground that a franchise was involved, and the appellant alleged there as here that it was obligatory upon

the seventy-eight petitioners to file their petition with the judge of the county court of McHenry county as well as the judge of the county court of Lake county. The Supreme Court in this case, *Lindquist v. Village of Island Lake,* 407 Ill. 461 at 463, says:

"This is not a quo warranto proceeding to challenge the legality or validity of the proceeding in the county court of Lake County organizing the Village of Island Lake. Appellant merely files an unsupported and un-verified petition in the nature of a protest, calling attention to certain irregularities in the procedure. His real point is that part of the area to be incorporated was situated in McHenry County and part in Lake County, and, therefore, it was obligatory upon the 78 petitioners to petition the judge of the county court of McHenry County, as well as the judge of the county court of Lake County, for incorporation.

"The issue of a franchise is not properly raised by the pleadings nor does the subject matter of the petition entitle the appellant to bring his case to the Supreme Court on direct appeal. Under the allegations of the petition of the appellant, he merely seeks a construction of the sections of the statute above referred to without in any manner challenging the validity thereof."

The Supreme Court held that as the case involved only the construction of a statute, that it did not have jurisdiction, and the cause was transferred to this court.

In appellant's brief the sole question raised and contended by him is that because the area sought to be incorporated was partly in McHenry county and partly in Lake county, it was obligatory upon the seventy-eight petitioners to file their petition with the judge of the county court of McHenry county as well as the judge of the county court of Lake county to procure the incorporation of the village.

██ ██ The statute under which the village was sought to be organized in substance requires that thirty-five electors residing in any area not already included within the corporate limits of any municipality and not within one mile of its border, may file with the county clerk their petition addressed to the county judge of said county asking that the said area be incorporated as a village. The statute further requires that the petition shall define the lands to be embraced in the village, the number of people residing therein, the name to be given the village, and that the question be submitted to the electors residing within the limits of the area. An election is then called by the county judge, and notices ordered, and upon the election being held, a canvass is made, and the result of the election is entered upon the records of the county court. If a majority of the votes cast at the election favor the incorporation of the village, the law provides that the territory is incorporated as a village under the name set forth in the petition. There is no provision for objections being filed to the same. The proceedings appear to be *in. rem* and *ex parte,* in which there is no adverse party. (62 Corpus Juris Secundum, Municipal Corporations, Sec. 16.) The law provides a method by which certain electors residing in a certain area may incorporate a village when it has been incorporated under the statutory proceedings. It is our opinion that its legality cannot be contested in these proceedings. If a village is illegally incorporated, and the statutory requirements have not been complied with, probably the only way that its illegality can be attacked is by quo warranto. In fact most decisions of the reviewing courts of Illinois indicate that this is the only way the legality of an organization of a city or village has ever been tested.

In *Village of LaGrange Park v. Jarecki,* 243 Ill. App. 290, the organization and legality of the village of

LaGrange was questioned. The petitioner in that case brought a suit to enjoin the county judge from performing his ministerial duties, under the provisions of the above statute, *supra,* alleging that the county judge was proceeding illegally. In that case, as here, petitioner and complainant in the equity suit filed a remonstrance against the petition to organize the village in the county court. The court says, on page 297 of the opinion: ''There are no provisions in the Statute of Illinois that we can find, and no provisions have been pointed out to us which in a proceeding to incorporate a village permit the filing of a remonstrance such as the one that was filed in the case at bar.'' The trial court in the *LaGrange* case dismissed the complaint in equity for want of equity.

It is our opinion that for the above reasons the county judge was correct in his ruling wherein he dismissed the petition of the appellant. The motion to strike the petition was properly allowed. We agree with what the Appellate Court said in the *LaGrange* case, *supra,* and an examination of the statute does not disclose that an elector is permitted to file a petition challenging the legality of the incorporation proceedings. He probably can do this only by an action of *quo warranto.*

 Even assuming that the petition had been properly filed, the county court was still correct in striking it, because it did not comply with the provisions of the Practice Act. (Ill. Rev. Stat. 1949, ch. 110, par. 174, par. 7 [Jones Ill. Stats. Ann. 104.050].) This section of the Practice Act states: ''The court may in its discretion before final judgment, set aside any default, may within thirty days after entry thereof, set aside any judgment or decree on good cause shown by affidavit, on such terms and conditions as shall be reasonable.'' It is conceded that the petition was filed after the entry of the final order. It was an unverified petition and since the statute requires verification, the

405

petition did not meet this requirement and on motion was properly stricken by the trial judge.

■■ The appellant's sole contention was that the petition of the seventy-eight petitioners should have been filed with the county judge in both counties and that failure to do so rendered the entire proceedings null and void. We believe this contention is likewise untenable. The present statute under which the village was organized is an amendment of a prior statute. The prior statute provided in substance that if the territory described in the petition was situated in more than one county, the petition should be addressed to the judge of the county court where a greater part of such territory is situated. (Jones Ill. Stats. Ann., Vol. 3, chap. 21, Par. 21.233, 1941 supp.) An amendment to a statute operates as a repeal of its provisions to the extent that they are changed by and rendered repugnant to the amendatory Act. (*City of Metropolis v. Givens*, 334 Ill. 431.) An amendatory Act never purports to repeal an Act or section as it previously existed. It is only an alteration and merely continues the law in a changed form. (*Chicago v. American Tile & Gravel Roofing Co.*, 282 Ill. 537.)

■ It is true that the present statute makes no provision for a situation where the area sought to be incorporated into a village lies in two counties, but as the present statute is an amendment of a former statute, they should be construed together, and the legislative intent is to be determined from both of them. To accept appellant's contention would require us to hold that the legislature intended that a petition be filed in each county. The result of this would be utter confusion and impracticability in the operation of the statute, and would in effect prevent an incorporation of a village where it lies in two counties.

■■ In our opinion the prior statute, with reference to a territory which lies in two counties and seeks

to be incorporated, which requires the petition to be filed with the county judge of the county wherein a greater part of that territory is situated, is still in effect. The present statute, an amendment of the prior statute, did not repeal the above provision. This construction would be in harmony with a sensible analysis of the statute and would carry out the legislative intent. Where absurd consequences result from a particular construction of the statute, such construction will be avoided if the statute will reasonably permit of a different construction. (*Moweaqua Coal Corp. v. Industrial Commission,* 360 Ill. 194; *Village of Glencoe v. Hurford,* 317 Ill. 203.)

For all the above reasons, the order of the county court of Lake county dismissing the petition of the appellant was correct, and the judgment of the county court is affirmed.

*Judgment affirmed.*