County of DuPage, a Body Politic and Corporate, Plaintiff-Appellant, v. W. R. Harris, Executive Airlines, an Illinois Corporation, and Airline Management, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 67–32.

Second District.

November 17, 1967.

William V. Hopf, State's Attorney, of Wheaton, and A. M. Peccarelli, George B. Van Vleck, Edgar J. Elliott and Charles J. Clusman, Assistant State's Attorneys, for appellant.

George S. Feiwell, of Chicago, for appellees.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

On October 5, 1964, County of DuPage filed a complaint for injunction, which was later amended, against W. R. Harris, Executive Airlines, a corporation, and Airline Management, Inc., a corporation, alleging that the defendants were engaged in certain commercial and business uses of a landing strip or airport; that previously a part of the premises was used as a private landing strip, and part for residential use only; that the prior use as a private landing strip was a nonconforming use; and that defendants' present use was an unlawful extension of the nonconforming use. The complaint prayed for an injunction prohibiting the use of the premises as a public or commercial landing strip or airport.

The defendants filed a motion to dismiss the complaint on the ground that the court did not have jurisdiction of the subject matter. Defendants' motion stated that exclusive and primary jurisdiction of the regulation and control of restricted airports is vested in the Department of Aeronautics under the provisions of the Aeronautics Act (Ill Rev Stats 1965, c 15½, pars 22.1–22.83, incl.). The court granted defendants' motion and plaintiff has appealed.

In its present posture, the only issue before this court is whether the Aeronautics Act was intended to supersede the zoning powers conferred upon counties by the County Zoning Act (Ill Rev Stats 1965, c 34, pars 3151–3162, incl.), insofar as the latter Act relates to air landing

strips. Stated differently, did the Aeronautics Act repeal the pertinent sections of the County Zoning Act which confers zoning powers upon the county?

Section 1 of the County Zoning Act (Ill Rev Stats 1965, c 34, par 3151) enacted in 1935, and last amended in 1965, confers upon counties the power to regulate and restrict the location and use of buildings, structures and land "for the purpose of promoting the public health, safety, morals, comfort and general welfare, conserving the values of property throughout the county . . . ." The statute recognizes as an appropriate exercise of the police power the delegation to counties of the power to control the manner of development and use of land. Reasonable limitations on the development and use of private property are essential to the general welfare. Local bodies, counties and municipalities, must have the power to control the present and future nature of land use within their areas to assure the most desirable utilization of such land from the standpoint of the local community and the surrounding landowners. The interests of the owner of a particular parcel of land must be balanced against the interests of others in the area and the surrounding public in general. This is peculiarly a local problem and for that reason is entrusted to the legislation of the local governing bodies.

Section 25 of the Aeronautics Act (Ill Rev Stats 1965, c 15½, par 22.25) declares that its purpose is

> "to further the public interest and aeronautical progress by providing for the protection and promotion of safety in aeronautics; by cooperating in effecting a uniformity of the laws relating to the development and regulation of aeronautics in the several states; by revising existing statutes relative to the development and regulation of aeronautics so as to grant to a state agency such powers and impose upon it such duties that the state may properly perform its

functions relative to aeronautics and effectively exercise its jurisdiction over persons and property within such jurisdiction, may assist in the promotion of a State-wide system of airports, may cooperate with and assist the political subdivisions of this State and others engaged in aeronautics, and may encourage and develop aeronautics; by establishing uniform rules and regulations, consistent, so far as practicable, with Federal rules and regulations, in order that those engaged in aeronautics of every character may so engage with the least possible restriction, consistent with their safety and with the safety and the rights of others; and by providing for cooperation with the Federal authorities in the development of a national system of civil aviation and for coordination of the aeronautical activities of those authorities and the authorities of this State by assisting in accomplishing the purposes of federal legislation and eliminating costly and unnecessary duplication of functions properly in the province of federal agencies."

The declared purpose of the Aeronautics Act is to further aeronautical progress. It purports to do so by promoting safety in aeronautics, by cooperating in obtaining uniformity of the laws of the several states regulating aeronautics and uniformity with Federal rules, and by revising existing statutes relative to the development and regulation of aeronautics so that the State may properly perform its functions relative to aeronautics. We cannot uphold the defendants' contentions or the order of the court below unless this statute, designed to promote aeronautics primarily by means of regulations to increase safety, repealed the pertinent sections of the County Zoning Act which conferred zoning powers upon counties insofar as such zoning powers apply to private landing fields.

■■ There is no express repeal of the County Zoning Act which confers upon the counties powers relative to zoning. If there is a repeal, it must be by implication. Such repeal may arise under either of two general situations: (1) where a subsequent statute covers the whole subject matter of a former one and is intended as a substitute for it (Illinois Cent. R. Co. v. Franklin County, 387 Ill 301, 311, 56 NE2d 775 (1944); People v. Town of Thornton, 186 Ill 162, 172, 173, 57 NE 841 (1900); Wright v. Stresenreuter Bros., Inc., 234 Ill App 15, 23 (1924)) or, (2) where a subsequent statute's provisions are so repugnant, to those of the earlier that the two are irreconcilable. (Spaulding School Dist. No. 58 v. Waukegan City School Dist. No. 61, 18 Ill2d 351, 356, 164 NE2d 63 (1960); People ex rel. Bell v. New York Cent. R. Co., 10 Ill2d 612, 620, 141 NE2d 38 (1957).) In all cases, it is the intent of the legislature which is determinative. We are here required to determine whether the legislature intended by the subsequent statute, to repeal the former.

Clearly, the Aeronautics Act was not intended to and does not cover the whole subject matter of the Act conferring zoning powers upon the counties. No repeal may be implied on this ground; consequently, no extended discussion is required on this point.

■■ It is appropriate for us to examine all sections of the Aeronautics Act as well as the County Zoning Act and all other statutes relating to the same subject matter in determining the legislative intent in the enactment of the Aeronautics Act. Petterson v. City of Naperville, 9 Ill2d 233, 243, 137 NE2d 371 (1956). The legislature is presumed to intend to achieve a consistent body of law. As the legislative intent defines the operation of the statute and divulges its purposes and limitations, it may establish or deny a repeal by implication, and it is for

this reason that in construing a statute the intent of the legislature is of prime importance.

Section 73 of the Aeronautics Act (Ill Rev Stats 1965, c 15½, par 22.73) dealing with the power of the Department to contract for the removal of or condemn hazards to landing areas acquired or operated by the Department to assure safe approaches to such landing areas, specifically recognizes that such a power might be interpreted as being in conflict with the zoning power. In this regard it states: "This authority shall not be so construed as to limit the rights, power or authority of the State or any muncipality or other political subdivision to zone property adjacent to any airport or restricted landing area pursuant to any law of this State."

The Airport Zoning Act (Ill Rev Stats 1965, c 15½, pars 48.1–48.112, incl.) empowers the Department to adopt zoning regulations for an airport hazard area related to publicly-owned airports. This Act, however, also expressly recognized the zoning powers of counties. Section 18 of the Act (Ill Rev Stats 1965, c 15½, par 48.18) provides:

> "In the event of conflict between any airport zoning regulations adopted under this Act and any other regulations applicable to the same area, whether the conflict be with respect to the height of structures or trees, the use of land, or any other matter, and whether such other regulations were adopted by the political subdivision which adopted the airport zoning regulations or by some other political subdivision, or by the Department, the more stringent limitation or requirement shall govern and prevail."

Thus, where there appears to be an apparent conflict between the pertinent statutes relating to aeronautics and the zoning powers conferred upon political subdivisions, the former statutes expressly recognize the con-

107

tinued validity of the zoning powers of these political subdivisions of the State.

Such recognition is inconsistent with the inference that the legislature intended to repeal the local zoning powers wherever the question of aeronautics was involved. An examination of all of the provisions of chapter 15½, entitled "Aviation," reveal an intent to recognize in counties and other local bodies the power to limit the use and development of land in their respective areas. Absent an all embracing scheme on the subject of Zoning in the Aeronautics Act, for such Act to amend the County Zoning Act by implication, a clear intent to so do must be apparent and the two enactments must be repugnant and irreconcilable.

This case is not unlike the situation found in Borough of Kingston v. Kalanosky, 155 Pa Super 424, 38 A2d 393 (1944). There the trial court held that the beverage license law, insofar as it applied to the location of liquor establishments, repealed by implication the general legislative enactment under which local zoning ordinances were adopted. In reversing, the Supreme Court noted that a repeal by implication involves a determination of legislative intent, that such repeals are not favored and will not be found if the two statutes can be construed in any other manner on any reasonable hypothesis or under any fair and reasonable construction. It then stated that both the zoning and beverage license laws were enacted under the police powers of the Commonwealth—one to promote the general welfare by regulating the location, character and use of lands and buildings within a community, and the other to accomplish a like purpose by the regulations of and restraint of liquor traffic. The court held that it was not necessary to view one law as repealing the other, and held that compliance with both laws was required.

Here the Aeronautics Act is designed to promote the public interest and aeronautical progress primarily by promoting safety in aeronautics. The County Zoning Act is designed to promote the general welfare and to conserve the values of property throughout the county by regulating and restricting the location and use of buildings, structures and land. Neither is so repugnant to the other that the two Acts may not exist or be applicable concurrently.

■ Our courts also have long and consistently held that repeal by implication is not to be favored and will not be found unless there is such a clear and irreconcilable repugnance between two laws that the provisions of both cannot be carried into effect. Wilhelm v. Industrial Commission, 399 Ill 80, 86, 77 NE2d 174 (1948); People v. Mack, 367 Ill 481, 486, 11 NE2d 965 (1937); Hoyne v. Danisch, 264 Ill 467, 483, 106 NE 341 (1914); Village of Ridgway v. Gallatin County, 181 Ill 521, 525, 55 NE 146 (1899); Rawson v. Rawson, 52 Ill 62, 69 (1869).

The County Zoning Act, which confers zoning powers upon counties, was last amended in 1965. Section 1 of the Act expressly provides certain areas of exclusion from the zoning powers of the county, such as depriving the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted. It precludes the imposition of regulations or permits with reference to land or structures used for agricultural purposes, proscribes the right to specify or regulate the type or location of certain public utility equipment as defined in "An Act concerning Public Utilities," and provides that said Act shall not restrict the power granted to municipalities which have enacted zoning ordinances which are within areas otherwise subject to county zoning. (Ill Rev Stats 1965, c 34, par 3151.) However, the legislature did not indicate that the county zoning powers

were to be abrogated by the Aeronautics Act in those areas where there is a private or restricted air landing area.

We are of the opinion that the control over restricted landing areas conferred upon the Department of Aeronautics by the Aeronautics Act presupposes compliance with local zoning ordinances. In those areas appropriately zoned for restricted landing areas, the Department may then assume jurisdiction and control over the landing area so long as the local zoning ordinances are not violated. Each statute—that relating to aeronautics and that relating to zoning powers—serves a vital part in furthering the general welfare and public interest. There is no reason why those matters related to zoning should not be determined in accordance with the appropriate zoning act and ordinance, and the matters pertaining to aeronautical progress within the restricted landing area resolved pursuant to the provisions of the Aeronautics Act. We do not find the two statutes so repugnant that they cannot both operate conjunctively and without conflict to protect the general welfare and public interest.

The defendants have asserted that "the terms of the Aeronautics Act grants the Department of Aeronautics exclusive primary jurisdiction and require the appellant to exhaust its remedies in the department prior to seeking judicial relief." Their contention begs the question. They, in effect, assume the dominance of the Aeronautics Act over the County Zoning Act and the powers conferred upon counties thereunder. Such assumption is without legal basis. Since we cannot agree that there is a repeal by implication, the zoning ordinances of the county, adopted under the County Zoning Act, have vitality, and the county is free to enforce such ordinances in a proper legal proceeding.

■ The complaint alleges that the defendants have extended and altered the prior nonconforming use. This is an appropriate ground on which to base a complaint. Dube v. City of Chicago, 7 Ill2d 313, 322, 131 NE2d 9 (1955). We are of the opinion that the trial court erred in dismissing the amended complaint and the cause should, therefore, be reversed and remanded with directions to reinstate the said complaint, and for further proceedings thereon in conformance with the views expressed herein.

Reversed and remanded with directions.

MORAN and ABRAHAMSON, JJ., concur.