(No. 46595.—

(No. 46596.—

AMERICAN SMELTING & REFINING COMPANY, Appellee and Cross-Appellant, v. THE COUNTY OF KNOX *et al.*, Appellants and Cross-Appellees.— AMERICAN SMELTING & REFINING COMPANY, Appellee, v. THE COUNTY OF PEORIA *et al.*, Appellants.

*Opinion filed Sept. 27, 1974.—Rehearing denied March 24, 1975.*

Burrel Barash, of Barash & Stoerzbach, of Galesburg, for appellants and cross-appellees.

James T. Otis, Robert A. Creamer, and Price, Cushman, Keck, Mahin & Cate, all of Chicago (Thomas G. West, Stuart, Neagle & West, Wayne L. Hanold, and Westervelt, Johnson, Nicoll & Keller, all of counsel), for appellee and cross-appellant.

Michael M. Mihm, State's Attorney, of Peoria (James O. Christy, Assistant State's Attorney, of counsel), for appellants.

James T. Otis, Robert A. Creamer, and Price, Cushman, Keck, Mahin & Cate, all of Chicago (Thomas G. West, Stuart, Neagle & West, Wayne L. Hanold, and Westervelt, Johnson, Nicoll & Keller, all of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The primary issue presented is whether the reclamation of strip-mined land is exclusively governed by the Surface-Mined Land Conservation and Reclamation Act (hereafter Reclamation Act) (Ill. Rev. Stat. 1971, ch. 93, pars. 201 through 216) or whether additional requirements may be imposed by counties pursuant to their zoning power. We granted motions for direct appeals (50 Ill.2d R. 302(b)) from judgments of the circuit courts of Knox and Peoria counties and have consolidated the appeals for decision and opinion.

In cause No. 46595 plaintiff, American Smelting & Refining Company, filed an action for declaratory judgment and injunctive relief in the circuit court of Knox

County against the County and certain of its officials. Motions for summary judgments were submitted by the respective parties. Plaintiff appeals from that portion of the circuit court judgment holding that the Reclamation Act is not the exclusive basis for the imposition of reclamation standards and that in appropriate circumstances a county may set such requirements under the authority conferred in the County Zoning Act (Ill. Rev. Stat. 1971, ch. 34, par. 3151 *et seq.*). The defendants in the Knox County action appeal from that portion of the circuit court judgment holding that county's zoning ordinance invalid because it improperly delegated authority to the County's Zoning Board of Appeals to determine the issuance of "conditional use" permits without imposing sufficient standards upon which that authority might be exercised.

In cause No. 46596 plaintiff instituted a comparable action in the circuit court of Peoria County. Similar motions were presented, and the circuit court granted relief to plaintiff holding that certain zoning provisions of the Peoria County Code were invalid insofar as they conflicted with and were preempted by the enactment of the Reclamation Act.

Midland Coal Company (hereafter Midland) is a division of plaintiff, and it operates one mine in Knox County and two mines in Peoria County. In 1973 Midland applied to the Illinois Department of Mines and Minerals (hereafter Department) for a permit to engage in surface mining of 504 acres in Knox County (46595) commencing July 1, 1973. This land was zoned for farming. Included with the application was a proposed reclamation plan. This information was also filed with the clerk of Knox County pursuant to section 5 of the Reclamation Act. (Ill. Rev. Stat. 1971, ch. 93, par. 205(f).) A revised application and plan were subsequently submitted. Knox County, as allowed by section 5, filed its objections thereto with the Department, noting specifically that much of the subject

property was suitable for row-crop agriculture and further seeking that additional reclamation requirements be imposed. After rejecting certain reclamation suggestions of Knox County in June 1973, the Department issued a one-year permit for the strip mining of the land.

During this period the Knox County zoning administrator informed Midland that mining operations could not begin until the Zoning Board of Appeals had authorized a "conditional use" permit for such activities. After the State permit was issued, a suit was commenced in the circuit court to determine the validity of the County's action. Plaintiff thereafter filed a request with the Zoning Board of Appeals for a "conditional use" permit, although plaintiff continued its assertion that the County lacked authority to impose reclamation standards. Hearings on the issuance of the conditional use permit were conducted, and a permit to strip-mine 100 acres of the proposed property was granted. This area was suitable for pasture and was partly covered by brush and timber. Reclamation of this area was to be in accord with a plan submitted by plaintiff.

The remaining acreage was determined to be suitable for intensive row-crop agricultural purposes. Thus the board determined that certain reclamation procedures, hereinafter set forth, be utilized. These requirements were more stringent than those adopted by the Department for issuance of the State permit. A supplemental complaint was then filed seeking to have the county requirements declared null and void.

Plaintiff's brief summarizes the pertinent distinctions between the Knox County Zoning Board of Appeals requirements for row-crop agricultural land and the State reclamation standards in this case as follows:

| | COUNTY | STATE |
|---|---|---|
| GRADING: | The slope is not to exceed 7% of original contour. | The slope is to approximate the original grade for row agricultural land with permissible 4% to 15% deviation. |

| | | |
|---|---|---|
| REPLACEMENT MATERIAL: | Use of original soil is required and the top four feet cannot contain any rocks. | There is no mandate as to use of original soil. The top two feet may contain 20% rock by volume and no rock may exceed six inches in diameter. The two to four foot level may contain 50% rock by volume and no rock may exceed ten inches in diameter. |
| COMPLETION OF RECLAMATION: | Reclamation is to be simultaneous with mining and is not to extend beyond one year after the given area is mined. | Grading is to be completed within one year of the expiration of the permit and all reclamation activities are to be completed within three years of said expiration. |
| RECLAMATION BOND: | $1000 per acre is a required bond and this is in addition to the State requirement. | The State requires $600 per acre plus $25 per acre fee. |

In the Peoria proceedings (46596) the county board considered amending certain zoning provisions of the county code. Midland had previously advised the county board that in its opinion the proposed amendment was invalid. The amendment to the county zoning provisions, however, was adopted in June, 1973, and Midland was informed that compliance was required. An action seeking declaratory and injunctive relief followed. Chapter 30, section 4(B)(8), of the Peoria County Code contains the reclamation standards presently at issue. Basically it necessitates that a "special use" permit be granted for strip-mining ventures. Included therein are requirements for reclamation. As suggested by plaintiff, these vary from State standards in that Peoria County demands that the final graded slope not exceed 3% of the original grade, that a bond of $425 per acre in addition to the State bond be submitted and that the top six feet of soil be segregated during mining operations so it might be replaced as final coverage unless the county board determines that other material is suitable.

Plaintiff has expended considerable effort in describing the history concerning legislative attempts relating to reclamation of strip-mined land before enactment of the

Reclamation Act in 1971, which is now in issue. For the most part these prior endeavors were unsuccessful. Plaintiff claims that examination of the entire spectrum of legislative undertakings over the previous half century discloses no evidence that the legislature intended to disperse any power to the several counties to regulate the reclamation of surface-mined land within their respective jurisdictions. Rather it is argued that there always existed a pattern of centralized State control of reclamation procedures and the adoption of the County Zoning Act in 1935 was not intended to permit counties to impose individual reclamation requirements.

Defendants essentially maintain that the Reclamation Act has been utilized to provide for only minimum standards of reclamation and that the counties' zoning powers may be concurrently used to effect more stringent requirements. Defendants' briefs in these consolidated appeals reflect that the counties involved are rich agricultural regions. Defendants assert that the Reclamation Act and the regulations adopted thereunder allow the existence of large rocks in the valuable uppermost soil layers and do not mandate the replacement of this top soil. Defendants conclude that the respective zoning procedures are designed to conserve property values and protect a farming economy while permitting plaintiff to strip-mine coal.

In support of its position that reclamation standards are exclusively within the ambit of State supervision, plaintiff directs our attention to certain proposed provisions of section 5 of the Reclamation Act that were amended before this statute was adopted. Specifically, it notes that these deleted provisions were designed to grant the respective county boards significant control of any reclamation procedures approved by the Department and might further have enabled the county under appropriate circumstances to designate the use to which the land was to be reclaimed. These provisions were stricken and

substituted in lieu thereof were provisions that relegated the counties to an advisory capacity in the determination of a suitable State reclamation plan. See Ill. Rev. Stat. 1971, ch. 93, par. 205(f) and (g).

Examination of the Reclamation Act does not disclose any provision which could be construed as establishing that the State may impose only minimum reclamation standards and the county concurrently may require stricter procedures as defendants claim. Rather this statute and the regulations adopted thereunder present a detailed and concise effort to supervise the reclamation of strip-mined areas. This would imply that the counties have no authority to regulate reclamation procedures. *Chicago School Transit, Inc. v. City of Chicago,* 35 Ill.2d 82, 86.

In *O'Connor v. City of Rockford,* 52 Ill.2d 360, an attempt was made to prohibit the creation of a sanitary landfill in an unincorporated county area by use of county zoning requirements. After review of various provisions of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1001 *et seq.*) we held that the legislature had expressed an intent to resolve conflicting interests which could arise in such matters by authorizing a sanitary landfill when a permit was issued by the Environmental Protection Agency. Thus operation of a sanitary landfill was not dependent upon the issuance of a conditional use permit by the county, nor could the county zoning power be used to prohibit the operation if a State permit authorized said use.

After comparison of the respective statutes, we believe that the rationale of *O'Connor* is applicable herein. We note in this regard that section 4 of the Reclamation Act (Ill. Rev. Stat. 1971, ch. 93, par. 204) is comparable to section 21(e) of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1021(e)). The former precludes strip-mining without a State permit during a permit year if more than 10 acres is involved or if the area contains at least 10 feet of overburden which must be

removed to obtain the mineral. Section 21(e) of the Environmental Protection Act prohibits any refuse collection or disposal activities without the requisite State permit. Section 5(f) (par. 205(f)) of the Reclamation Act permits the county to submit reclamation proposals "consistent with all requirements of this Act." Section 5(g) (par. 205(g)) provides that the Department shall approve a reclamation plan "if, and only if, the plan complies with this Act." This section further necessitates that if a plan is not approved by the Department or if the plan which is accepted does not conform to the county suggestions then the Department must issue a public statement setting forth the reasons for its determination. Section 6(g) (par. 206(g)) requires a strip-mine operator to comply with the Environmental Protection Act and its rules and regulations during mining and reclamation operations as well as after reclamation has been completed. Finally, section 13a (par. 213a) provides that judicial review may be sought from the Department's final administrative decisions pursuant to the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*).

When these factors are fully considered, the inescapable conclusion is that the County Zoning Act is not applicable to the determination of strip-mining reclamation standards. There is simply no demonstrable basis upon which concurrent State and county regulation of reclamation standards may be permitted. These matters are to be exclusively determined by the appropriate State agency after consideration is given to any county suggestions as provided by the pertinent provisions of the Reclamation Act. If a change is to be effected concerning who may be authorized to impose reclamation standards, it must be made by the legislature. See *People v. Chicago Transit Authority,* 392 Ill. 77, 86.

Since our determination of the inapplicability of the County Zoning Act is dispositive of these appeals, we need not reach the remaining issue raised in the Knox County

action (46595) concerning whether that County's zoning provisions properly delegate authority to the Zoning Board of Appeals to establish reclamation requirements. The judgment of the circuit court of Peoria County is affirmed. That portion of the judgment of the circuit court of Knox County holding that county zoning authority may be utilized to determine reclamation procedures is reversed and the cause remanded to that court with directions to grant appropriate relief to plaintiff.

*46595 — Reversed in part and
remanded, with directions.
46596 — Judgment affirmed.*