THE COUNTY OF McHENRY, Plaintiff-Appellee, *v.* JOHN C. STERNAMAN, d/b/a Illinois Mining Company, Defendant-Appellant.

Second District   No. 77-225

Opinion filed September 13, 1978.

Gerald D. Hosier and William L. Niro, both of Hosier, Niro & Daleiden, of Chicago, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Henry H. Sugden, III, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant operates a sand and gravel pit in McHenry County; in this proceeding he was charged with six violations of the county zoning ordinance. Defendant filed a motion to dismiss the complaint based on the theory that the county zoning ordinance has been preempted by the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1001 *et seq.*) (hereinafter called "EPA") and therefore the county zoning ordinance no longer applied to defendant's operations. The trial judge denied defendant's motion but found that an immediate appeal was indicated for the reason that the order denying defendant's motion involved a question of law as to which there was substantial ground for a difference of opinion. The court entered an order staying further proceedings in this cause and this court subsequently granted defendant leave to appeal.

The sand and gravel pit of the defendant is located in a portion of McHenry County which is zoned "F-Farming" by the county zoning ordinance. The actual mining, loading and removal of the sand and gravel is a permitted use under the county zoning ordinance but washing and

screening of sand and gravel is allowed only by a special use permit which has not been granted defendant by the county. In this court, defendant alleges by way of an affidavit appended to his brief that the Illinois Environmental Protection Agency (hereinafter called the "Agency") issued a permit which allowed him to conduct the mining operation, including washing and screening of sand and gravel removed from his property. Since this fact does not properly appear in the record as certified by the trial court, we are unable to assume the issuance of an Agency permit, however, the order of the trial court has posed the issue presented by this appeal as one of whether or not the EPA preempts the county zoning ordinance "in the event that defendant has obtained an Agency permit for his operation of a sand and gravel pit on his property which operation encompasses the uses charged in the complaint filed against him." In light of the foregoing, we shall assume for the purposes of this opinion the issuance of an Agency permit covering the defendant's operations.

Defendant is required by section 6(g) of the Surface-Mined Land Conservation and Reclamation Act (Ill. Rev. Stat. 1975, ch. 93, par. 206(g)) to comply with all requirements, rules and regulations of the EPA. Paragraph 201 of chapter 4 (Mine Related Pollution) of the State of Illinois Pollution Control Board regulations, effective May 23, 1972, requires that defendant have a permit from the Agency to operate his gravel pit. There is no question then, that the Agency exercises some jurisdiction over defendant's operation. The issue before this court is whether the EPA was intended to supersede the McHenry County zoning ordinance enacted pursuant to the powers conferred by the county zoning act insofar as such ordinance relates to gravel pit operations.

Section 1 of the county zoning act (Ill. Rev. Stat. 1975, ch. 34, par. 3151 et seq.) grants to counties the power to regulate and restrict the use of land "[f]or the purpose of promoting the public health, safety, morals, comfort and general welfare, conserving the values of property throughout the county, lessening or avoiding congestion in the public streets and highways, and lessening or avoiding the hazards to persons and damage to property resulting from the accumulation or runoff of storm or flood waters * * *." This court has recognized that the interests of a landowner must be balanced against the interests of both others in the area and the surrounding public in general, and that such balancing is a problem of local concern. *County of Du Page v. Harris* (1967), 89 Ill. App. 2d 101, 231 N.E.2d 195.

The General Assembly has since enacted the Environmental Protection Act. The purpose of that act, as stated in section 2(b), is "to establish a unified, state-wide program * * * to restore, protect and enhance the

quality of the environment * * *." (Ill. Rev. Stat. 1975, ch. 111½, par. 2(b).) It was also specifically found in section 2(a)(iii) that water pollution, "noise, and other environmental problems are closely interrelated and must be dealt with as a unified whole in order to safeguard the environment * * *." Ill. Rev. Stat. 1975, ch. 111½, par. 2(a)(iii).

The EPA contains no express repeal of the county zoning act. Neither does it repeal the county zoning act by implication by covering the entire subject matter of the zoning act with the intent of being a substitute for it. If there is to be a repeal by implication, it must be due to the irreconcilability of the provisions of the subsequent statute when compared to those of the earlier statute. See *County of Du Page v. Harris.*

A number of cases provide some guidance in making this determination. *O'Connor v. City of Rockford* (1972), 52 Ill. 2d 360, 288 N.E.2d 432, involved an attempt by Rockford to establish a sanitary landfill in an unincorporated area. Neighboring landowners sought to prevent the institution of the landfill by the application of the county zoning ordinance. The supreme court held that the EPA preempted the county zoning ordinance which required a conditional use permit. The court reasoned that the legislative intent of the EPA was the establishment of a unified statewide program for such matters and therefore the issuance of the Agency permit was all that was required to operate the landfill.

This interpretation was followed by the supreme court in a similar case, *Carlson v. Village of Worth* (1975), 62 Ill. 2d 406, 343 N.E.2d 493. In that case an Agency permit had been issued for the operation of a sanitary landfill. The Village of Worth enacted its own environmental protection ordinance, through which it sought to suspend operation of the landfill until a village permit was issued. Issuance of the permit required compliance with the village environmental ordinance, which in turn required compliance with the village zoning ordinance. In considering the village's contention that concurrent jurisdiction could be exercised by the village and the Agency, the supreme court relied on the analysis of the legislative history of the EPA which it had made in *O'Connor.* The court noted that the provisions in the original draft of the EPA, which provided for concurrent jurisdiction with the local zoning authorities, were eliminated from the act prior to its enactment. The court therefore concluded that it was the intent of the legislature that the EPA excluded "any authority of local political entities which could interfere with or frustrate the objective of establishing a unified state-wide system of environmental protection."

*American Smelting & Refining Co. v. County of Knox* (1974), 60 Ill. 2d

133, 324 N.E.2d 398, involved an attempt by Knox County to apply a county zoning ordinance to a strip-mining operation governed by the Surface-Mined Land Conservation and Reclamation Act (Ill. Rev. Stat. 1971, ch. 93, par. 201 *et seq.*), even though the Department of Mines and Minerals had issued a permit for the mine pursuant to the Reclamation Act. Comparing the Reclamation Act to the EPA, the supreme court viewed the O'Connor rationale as applicable, concluding that the Reclamation Act established detailed supervision of reclamation of strip-mine areas and that a county could not exercise concurrent jurisdiction to require stricter procedures for reclamation.

A different result was reached in *County of Du Page v. Harris* (1967), 89 Ill. App. 2d 101, 231 N.E.2d 195. In that case a private landing strip for aircraft which was a nonconforming use began certain commercial and business operations, which were alleged to be an unlawful extension of the nonconforming use. The case was dismissed for lack of subject matter jurisdiction, and the issue on appeal was whether the Aeronautics Act (Ill. Rev. Stat. 1965, ch. 15½, par. 22.1 *et seq.*), which governs regulation and control of restricted airports, superseded the zoning power which the county sought to exercise pursuant to a county zoning ordinance. This court noted in that case that the Aeronautics Act specifically recognized the zoning power of local governments and did not limit that power in regard to land adjacent to an airfield. Further noted was section 18 of the Airport Zoning Act (Ill. Rev. Stat. 1965, ch. 15½, par. 48.1 *et seq.*) which expressly recognized county zoning powers and provided that in the event of conflict in zoning regulations the more stringent limitation was to prevail.

In the cause before us, defendant is required to comply with all requirements, rules and regulations of the EPA, and is required to have a permit from the Agency in order to conduct any of his gravel mining operation. Section 2(a)(iii) of the EPA contains the legislature's declaration that environmental protection problems must be dealt with as a unified whole, and the cases examined indicate that the purpose of the EPA, as a statute of statewide application and regulation, is to prevent pollution of the air, water or land throughout the State by means of. regulating and setting standards for solid waste disposal, noise and smoke emissions and other types of resource pollution. Therefore, to the extent to which a county zoning ordinance purports to regulate matters of this nature, it is superseded by the EPA and its rules and regulations. Such a conclusion in this case appears to be indicated by the language of the *Rockford* and *Carlson* cases set forth above.

On the other hand, zoning laws or ordinances involve additional considerations such as, conservation of property values, traffic congestion,

public morals and public comfort as well as public health; such factors are not considered or are only indirectly considered by the Agency when issuing a permit for operations such as here involved. Nevertheless, the legislature saw fit to remove the provision recognizing concurrent jurisdiction in the Agency and the local zoning authority. We therefore determine that the legislative history of the EPA and the language of our supreme court noted above, compel us to find in this case that the EPA does supersede the McHenry County zoning ordinance. Were it not for these factors we would hold that the EPA was not intended to exclude or supersede a local zoning ordinance insofar as it applies to the location of particular land uses.

As previously noted we have assumed that the Agency has issued defendant a permit for his operations in light of the question of law posed by the trial judge in his order presenting this matter for interlocutory appeal. Since the record does not properly show whether or not such a permit has been issued to the defendant and since the appellee on rehearing indicates that it desires to contest this fact and introduce other evidence that may be perminent in reference to the question of law presented, we hereby remand this cause to the circuit court of McHenry County for the purpose of hearing evidence on this question of fact and, thereafter, to enter such order as is necessary in light of the views set forth in this opinion.

Reversed and remanded.

BOYLE and NASH, JJ., concur.