THE COUNTY OF KENDALL, Plaintiff-Appellee, *v.* AVERY GRAVEL COMPANY, INC., *et al.*, Defendants-Appellants.—(Gordon Fletcher *et al.*, Intervenors-Appellees.)

Second District   No. 82—504

Opinion filed February 15, 1983.

Roy J. Solfisburg, Jr., and Noel C. Davis, both of Banbury, Banbury & Davis, of Aurora, for appellants.

Patrick M. Flaherty, William C. Murphy, and Patrick M. Kinnally, all of Reid, Ochsenschlager, Murphy and Hupp, of Aurora, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Kendall County, filed a complaint for declaratory judgment and sought injunctive relief to prevent defendants, Avery Gravel Company, Inc., their officers, directors, and shareholders, and the legal titleholders to the subject property, from crushing, grading, or washing any stone mined at the site where they were operating a

strip-mine until appropriate rezoning was obtained from the county. While other parties were allowed to intervene in the trial court, their interests on appeal are identical to that of Kendall County and they will not be hereinafter referred to by name separately from the county. After the denial of the defendants' motion to dismiss, the trial court found that interlocutory appeal was necessary pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)) and identified five questions of law involved. We allowed this interlocutory appeal.

In its appellate brief, defendants raise only two issues for our review: (1) whether Kendall County through its zoning ordinances can require defendants to obtain a zoning change to "crush, wash, and screen their limestone"; and (2) whether the trial judge improperly considered House Bill 134, later Public Act 82—114, which provided for the amendment of section 2 of the Surface-Mined Land Conservation and Reclamation Act (Reclamation Act) (Ill. Rev. Stat. 1981, ch. 96½, par. 4502) and section 39 of the Environmental Protection Act (Ill. Rev. Stat. 1981, ch. 111½, par. 1039) and became effective on August 8, 1981.

A brief chronology of the history of the litigation between the parties is necessary. In *Union National Bank & Trust Co. v. Board of Supervisors* (1978), 65 Ill. App. 3d 1004, 382 N.E.2d 1382, this court reversed the circuit court of Kendall County which had upheld Kendall County's denial of the plaintiffs' (defendants herein) petition for a special use permit to strip-mine limestone on its property. We remanded with directions to the trial court "to enter a declaratory judgment in favor of plaintiffs stating that they may engage in the desired strip-mining as long as they comply with all the requirements of the Reclamation Act and the Environmental Protection Act, any county zoning to the contrary notwithstanding." (65 Ill. App. 3d 1004, 1011, 382 N.E.2d 1382.) We determined in our opinion that non-home-rule counties have no right to regulate strip-mining operations pursuant to their zoning powers since the Reclamation Act preempted non-home-rule counties from regulating such strip-mining activities. 65 Ill. App. 3d 1004, 1009, 382 N.E.2d 1382.

Upon remand, however, the circuit court entered an order permitting the plaintiffs (defendants herein) to "conduct and engage in limestone, strip and surface-mining, and necessary related operations" so long as they complied with the requirements of the Reclamation Act and the Environmental Protection Act. Upon rehearing before the trial court, Kendall County argued that the order did not comply with the mandate and that the judge should clarify whether the crushing and grading of the limestone quarried would be permitted under the

order. The trial court denied rehearing and Kendall County appealed to this court. In a Rule 23 order (87 Ill. 2d R. 23), we reversed, holding that the order of the trial court was broader than our mandate, and we did not consider whether crushing and grading of the limestone were within the State preemption of county zoning granted by the Reclamation Act because it was not properly before the trial court.

Thereafter, on June 3, 1981, Kendall County filed this action for declaratory judgment and sought injunctive relief, *inter alia*, to prevent defendants "from crushing, grading, or washing any stone at the site" until appropriate rezoning is obtained. The defendants' motion to dismiss brought pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48) maintained, in pertinent part, that they had permits from the Environmental Protection Agency which allowed them to conduct the crushing, screening, and washing of their deposits, and that the Kendall County zoning ordinances pertinent to location of such activity are preempted by the State under the Reclamation Act and the Environmental Protection Act. The trial court denied the motion to dismiss holding that there was a conflict in our opinions in *Union National Bank* and *County of McHenry v. Sternaman* (1978), 63 Ill. App. 3d 679, 380 N.E.2d 540, and that in view of amendments to the Reclamation Act and Environmental Protection Act by Public Act 82—114, effective August 8, 1981, the legislature intended that a permit for surface-mining shall not relieve compliance with local ordinances regulating the commencement, location, or operation of surface-mining facilities.

Defendants' primary contention on appeal is that Kendall County through its zoning ordinances cannot require them to obtain a zoning change to permit crushing, grading, and washing of limestone since the Environmental Protection Act superseded local zoning ordinances regulating the use of land for surface-mining operations including the crushing, grading, and washing of limestone. They rely on our decision in *County of McHenry v. Sternaman* (1978), 63 Ill. App. 3d 679, 380 N.E.2d 540. Kendall County argues that the crushing, grading, and washing of limestone is mineral processing not within the purview of the Reclamation Act. It further maintains that our decision in *Union National Bank* holds that the Environmental Protection Act, by itself, does not preempt the right of counties to regulate by zoning ordinance where a strip-mining operation can be located and, consequently, mineral processing is subject to local zoning regulations as to land use despite the issuance of permits to operate from the Environmental Protection Agency.

The first question which we must consider is whether the crushing, grading, and washing of limestone is separate and distinct from surface-mining and land reclamation in order to determine if this process is regulated by the Reclamation Act. In *County of McHenry v. Sternaman* (1978), 63 Ill. App. 3d 679, 380 N.E.2d 540, the defendant therein operated a sand and gravel pit which was a use permitted under the county zoning ordinance. However, washing and screening of sand and gravel was allowed only by a special use permit which had not been granted. Defendant was charged with six violations (unspecified) of the county zoning ordinance and argued unsuccessfully before the trial court that the county zoning ordinance had been preempted by the Environmental Protection Act. The issue before our court was "whether the EPA [Environmental Protection Act] was intended to supersede the McHenry County zoning ordinance enacted pursuant to the powers conferred by the county zoning act insofar as such ordinance relates to gravel pit operations." (63 Ill. App. 3d 679, 680, 380 N.E.2d 540.) In *Sternaman,* the question was not directly raised or decided whether such washing and screening of sand and gravel was a surface-mining operation within the scope of the Reclamation Act. Our mere reference to the Reclamation Act's provision requiring compliance with all Environmental Protection Agency rules and regulations was not a holding that a washing and screening activity was within the Reclamation Act.

■ Defendants have not cited us any other authority in case law or in the legislative history of the Reclamation Act which indicates that the crushing, grading, and washing of limestone alleged to be occurring here is an activity coming within the scope of that Act. A reading of the Reclamation Act discloses that the policy of the Act is to provide for conservation and reclamation of lands affected by surface-mining in order to restore them to optimum future use. (Ill. Rev. Stat. 1979, ch. 96½, par. 4502.) There is no language in that Act evincing an intent to regulate the activity of crushing, grading, and washing of minerals. While this activity may occur primarily at the site of the surface-mining, the only express purpose of the Act is to regulate surface-mining in order to provide for land conservation and reclamation. Had the activity of crushing, grading, and washing minerals been intended to be within the scope of the Act, the legislature could have expressly so provided. We further note that the permit for surface-mining is issued by the Bureau of Mines pursuant to the Reclamation Act, whereas the permits for defendants' activity involved here were issued by the Environmental Protection Agency. Thus, we conclude that the crushing, grading, and washing of minerals is not

an activity regulated under the Reclamation Act.

■■ Defendants also contend, however, that under *Sternaman* we determined that the Environmental Protection Act supersedes county zoning both for environmental protection problems such as noise and smoke emission and the like, and as to the location of particular land uses. To the extent that our opinion holds that the Environmental Protection Act supersedes a local county zoning ordinance as it relates to the location of particular land uses in addition to control of environmental problems, except sanitary landfill operations, we decline to follow it. We believe that this distinction was implicit in our later decision in *Union National Bank & Trust Co. v. Board of Supervisors* (1978), 65 Ill. App. 3d 1004, 382 N.E.2d 1382, wherein we stated:

"We do not fully agree, however, with the further argument of plaintiffs that apart from the Reclamation Act they need not comply with local zoning since compliance with the Environmental Protection Act is required (Ill. Rev. Stat. 1977, ch. 111½, par. 1001 *et seq.*), and compliance with county zoning is therefore excused pursuant to *O'Connor v. City of Rockford,* 52 Ill. 2d 360 (1972), and related cases. The Reclamation Act does provide that all requirements of the Environmental Protection Act 'shall be complied with fully at all times during mining, reclamation, and after reclamation.' (Ill. Rev. Stat. 1977, ch. 96½, par. 4507(g).) But we read this provision merely as a legislative statement that any person who seeks to operate a strip-mine is not exempted from any applicable provision of the Environmental Protection Act by reason of the operation of the Reclamation Act.

Section 21(e) of the Environmental Protection Act requires that any person who wishes to '[c]onduct any refuse-collection or refuse-disposal operations' must first obtain a permit from the agency. (Ill. Rev. Stat. 1977, ch. 111½, par. 1021(e).) It was this type of statutory permit involving both location and operation, that was involved in *O'Connor v. City of Rockford,* 52 Ill. 2d at 366-67 (1972). It does not appear that the Environmental Protection Act by itself preempts the right of counties to regulate, pursuant to the County Zoning Act, where a strip-mining operation will be located." (65 Ill. App. 3d 1004, 1009-10, 382 N.E.2d 1382.)

The fact that the Environmental Protection Act authorizes the Pollution Control Board to regulate activities of an environmental nature does not supersede a county's use of its zoning powers to regulate the

location of such activity merely because the activity is potentially subject to regulation by the Pollution Control Board. (65 Ill. App. 3d 1004, 1010, 382 N.E.2d 1382.) Accordingly, Kendall County may regulate by its zoning ordinances the location of mining related activities concerned with the crushing, grading, and washing of limestone even though the defendants have permits from the Environmental Protection Agency authorizing them to conduct such activities in compliance with its environmental regulations.

In view of this holding it is unnecessary to consider whether the trial court improperly considered Public Act 82—114 which was effective August 8, 1981, a time subsequent to defendants obtaining permits from the Environmental Protection Agency and filing of this suit. We do note that Public Act 82—114, which made amendments to both the Reclamation Act and the Environmental Protection Act, in essence, now specifically provides that issuance of permits under both Acts shall not relieve the permittee from its duty to comply with any applicable local law regulating the commencement, location, or operation of surface-mining facilities.

For the foregoing reasons, we affirm the order of the circuit court of Kendall County and remand for further proceedings consistent with this opinion.

Affirmed and remanded.

UNVERZAGT and HOPF, JJ., concur.