TERRI L. GOODKNIGHT, Plaintiff-Appellee, v. EDWIN PIRAINO, d/b/a Arrow Ambulance Service, *et al.*, Defendants-Appellants.

Fourth District  No. 4—93—0533

Argued November 15, 1993.—Opinion filed December 30, 1993.

Richard C. Hayden (argued) and Beverly J. Ring, both of Craig & Craig, of Mattoon, for appellants.

Robert I. Auler (argued), of Auler Law Offices, P.C., and Thomas Fulton, both of Urbana, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Terri L. Goodknight, brought this action in the circuit court of Champaign County for damages she allegedly suffered in 1987 at the hands of defendant ambulance service and its paramedic and emergency medical technician (EMT) personnel. This interlocutory appeal follows the trial court's reconsideration of its order dismissing the negligence counts. Defendants appeal the trial court's re-

instatement of those counts. We reverse and find defendants' motion to dismiss should have been allowed.

On September 22, 1992, plaintiff filed a fifth-amended complaint against the defendants claiming that on February 15, 1987, she was injured as a result of her handling by the defendant ambulance service and its paramedic and EMT personnel. The complaint in counts I, II, III and IV claims the defendants were guilty of either gross negligence or negligence. Counts IX, X and XI claim applicability of the doctrine of *res ipsa loquitur*.

■ The defendants filed a motion to dismiss claiming Illinois does not recognize gross negligence as an independent ground for recovery and plaintiff's action was governed by sections 17(a) and (b) of the Emergency Medical Services (EMS) Systems Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, pars. 5517(a), (b)). The immunity provision of section 17(a) of the Act allows only causes of action for acts inconsistent with the EMT's or paramedic's training or for willful or wanton misconduct. The immunity provision of section 17(b) of the Act allows only for causes of action for gross negligence or willful misconduct on the part of ambulance service personnel in an administrative or supervisory capacity. Accordingly, on March 11, 1993, the trial court dismissed counts I through IV and IX through XI with prejudice.

The plaintiff, apparently after seeing an article in the March 11, 1993, Chicago Tribune describing action by the legislature to reinstate the Act, which it had apparently allowed to expire, discovered the Act which granted immunity to the defendants under these counts had been repealed on January 1, 1986. The plaintiff's motion claimed the plaintiff's accident occurred February 15, 1987, at a time when the Act was not in effect, and consequently, there was no special legislation in effect which provided immunity to the defendant ambulance service and its employees. The plaintiff asserted that absent special immunities, counts I through IV and IX through XI stated causes of action under traditional Illinois common law negligence.

The defendants filed a response to plaintiff's motion to reconsider claiming the State legislature had passed House Bill 157, Public Act 88—1, which was signed by Governor Edgar on March 12, 1993, of which section 33 was entitled "Continuation of Act; validation" and provided in part the entire Act "shall be deemed to have been in continuous effect since its enactment, and it shall continue to be in effect henceforward until it is otherwise lawfully repealed. All previously enacted amendments to the Act taking effect on or after January 1, 1986, are hereby validated." Pub. Act 88—1, §10, eff. March 12, 1993 (1993 Ill. Legis. Serv. 1, 18-19); 210 ILCS 50/33(c) (West Supp. 1993).

The trial court granted plaintiff's motion to reconsider. The court found giving retroactive effect to the immunity provision of the Act would be in derogation of plaintiff's substantive common law right; therefore, while "the manifest intent" of the legislature with regard to the continuing effectiveness of the Act was to give it retroactive effect, the immunity provision was not subject to retrospective application. Because it held there was no immunity provision in effect or able to be given effect at the time of plaintiff's injury, the trial court vacated the order of dismissal of plaintiff's common law negligence counts against defendants and defendants were ordered to answer those counts. The court later granted the defendants' request for interlocutory appeal pursuant to Supreme Court Rule 308. 134 Ill. 2d R. 308.

A brief history of the Act is necessary to understand the issue presented. When the Act was originally enacted, effective December 15, 1980, it included in section 25 a provision for the automatic repeal of the Act on January 1, 1986 (see Pub. Act 81—1518, eff. December 15, 1980 (1980 Ill. Laws 3939, 3949)). (210 ILCS 50/33(a)(1) (West Supp. 1993).) This section appeared in the Laws of Illinois but *was not* included in the Illinois Revised Statutes. (210 ILCS 50/33(a)(1) (West Supp. 1993).) Public Act 84—1064, effective November 27, 1985, added a new section 25 pertaining to violations and penalties (Pub. Act 84—1064, eff. November 27, 1985 (1985 Ill. Laws 7067, 7068)); the new section 25 did not refer to the previous section 25 and the new section 25 was the only section 25 to appear in later editions of the Illinois Revised Statutes. (210 ILCS 50/33(a)(2) (West Supp. 1993).) The Act was amended by every subsequent General Assembly and was administered without interruption by the Illinois Department of Public Health. 210 ILCS 50/33(a)(4) (West Supp. 1993).

The automatic repeal provision of the original section 25 was apparently brought to the attention of the General Assembly, which enacted Public Act 88—1 effective March 12, 1993, and set forth its intention to validate the Act as continuing in full force and effect without interruption from December 1980 to the present. While we find the Act to have been in continuous existence since its effective date of December 15, 1980, it is not because of this recent well-intentioned, but dubious action of the legislature. Instead, we find the operation of an implied repeal.

■ The legislature never amended the Act to delete or repeal the automatic repeal provision found in section 25. However, it did amend the Act to include a new section 25 in Public Act 84—1064, with an effective date of November 27, 1985. (Ill. Rev. Stat. 1987, ch. 111½,

par. 5525.) This was but one month prior to the automatic repeal date of January 1, 1986. The passage of this new section 25 repealed the original section 25 by implication. We recognize repeals by implication are not favored. (*Lily Lake Road Defenders v. County of McHenry* (1993), 156 Ill. 2d 1, 9, 619 N.E.2d 137, 140.) However, they can be found when the provisions and necessary operation of a new statute are so repugnant to that of an older statute that they cannot be harmonized and are irreconcilable. (*Lily Lake Road Defenders*, 156 Ill. 2d at 9, 619 N.E.2d at 141; *County of McHenry v. Sternaman* (1978), 63 Ill. App. 3d 679, 681, 380 N.E.2d 540, 541; *County of Du Page v. Harris* (1967), 89 Ill. App. 2d 101, 106, 231 N.E.2d 195, 198.) Likewise, an amendment to a statute operates as a repeal of its provisions to the extent they are changed by and rendered repugnant to the amendatory act. *Lindquist v. Seventy-Eight Petitioners in a Certain Petition Filed the 17th Day of January, 1950* (1951), 344 Ill. App. 400, 406, 101 N.E.2d 120, 122.

To determine whether a later statute's provisions are so repugnant to those of the earlier statute that the two are irreconcilable, the intent of the legislature is examined to see if the legislature intended to repeal a former statute by passage of a later one. (*County of Du Page*, 89 Ill. App. 2d at 106, 231 N.E.2d at 198.) In this case the new section 25 provided for a system whereby the Director of the Department of Public Health would hold hearings for violators of the Act and mete out penalties such as a loss of license. (Ill. Rev. Stat. 1987, ch. 111½, par. 5525.) This system was to go into effect a little more than a month *before* the scheduled repeal date. Setting up a hearing system and providing for the loss of licenses created by the Act would be totally inconsistent with the automatic expiration of the Act in one month's time. Simply put, the legislature overlooked the automatic repealer, but clearly intended to continue the Act by adding a hearing provision that would perpetuate the services given under the Act while regulating those services more closely. The legislature did not *intend* to repeal the repealer, because it did not even know the original section 25 existed. It did, however, *intend* the Act to have continued vitality and its action worked a repeal by implication.

We find the creation of an ongoing hearing system to be repugnant to and irreconcilable with the automatic repealer. We find the automatic repealer was itself repealed by implication. The repeal provision ceased to exist on November 27, 1985. Therefore, the Act has remained in force, including the immunity provisions found in sections 17(a) and (b) and claimed by defendants.

The trial court's denial of defendants' motion to dismiss counts I through IV and IX through XI of plaintiff's fifth-amended complaint is reversed.

Reversed and remanded.

COOK and STEIGMANN, JJ., concur.