(No. 37941.— )

THE PEOPLE *ex rel.* School District No. 153 *et al.,* Appellees, *vs.* BLANCH O. WICKHAM, Appellant.

*Opinion filed November 26, 1963.*

Hough, Young & Coale, of Chicago, (John P. Chandler II, of counsel,) for appellant.

Norman, Engelhardt, Zimmerman, Franke & Lauritzen, of Chicago, (Harold W. Norman, Allyn J. Franke, and Ralph Miller, of counsel,) for appellees.

Mr. Justice House delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook County granting a petition for a writ of *mandamus* to compel the defendant, as supervisor of the town of Bloom, to ratably distribute $125,000 of the general town fund to the several petitioner school districts maintaining grades 1 through 8 located wholly or partly within the town.

A special meeting of the electors of the town was held, pursuant to a proper notice, for the stated purpose of considering the distribution of that portion of the general town fund in excess of the amount needed for township purposes to such elementary school districts. The transfer and distribution was duly authorized by the electors, pursuant to the act providing therefor. (Ill. Rev. Stat. 1961, chap. 139, pars. 167.4 to 167.7.) Section 1 (par. 167.4) of the act

reads in part: "Whenever the electors attending an annual or special town meeting of a township in a county containing a population in excess of 500,000 (counties of the third class) determine that the general town fund of such township is in excess of the amount needed for township purposes during the remainder of the then current fiscal year, such electors may, by resolution adopted by the affirmative vote of two-thirds of the electors attending such meeting, direct that all or any portion of such excess funds be distributed ratably to the various school districts maintaining grades 1 through 8 which are wholly or partly located in such township." The section concludes with a formula for proportionate distribution.

The defendant supervisor refused to distribute the funds on the ground that the act is violative of section 22 of article IV of the Illinois constitution in that the classification singling out school districts maintaining grades 1 to 8 as recipients of surplus funds is an arbitrary and unreasonable classification. It is not argued that an act authorizing transfer of surplus town funds to the school system is void, but rather that the act, by providing for transfer of surplus funds to elementary schools to the exclusion of high schools, constitutes the arbitrary classification. We cannot agree with this view.

The constitution in broadest terms places the responsibility of providing a system of free schools upon the General Assembly. (Art. VIII, sec. 1.) While this mandate has been interpreted to mean high school as well as elementary or "grade" school, (*People ex rel. Swingle* v. *Pinari,* 332 Ill. 181; *Smith* v. *Board of Education,* 405 Ill. 143,) traditionally the General Assembly has classified them separately for a number of purposes. For example, dual educational systems were fostered by legislation. On the elementary side provision was made for the common school district, consolidated school districts and community consolidated districts, while high schools could be organized as either town-

ship or community high schools. The systems were quite different in both their mode of organization and operation, but there is scarcely any serious question remaining as to the legislative authority to make such classifications. For many years *per capita* grants of State aid varied in amount between elementary and high school pupils, and in some years none was provided for the latter. The school building commission was limited to construction of buildings for elementary use until 1961. These illustrations point up the fact that the act in question is but a continuation of traditional legislative policy of treating elementary schools in a different manner from high schools.

Classification is primarily in the hands of the legislature, and legislative judgment will not be interfered with unless clearly unreasonable. (*Hansen* v. *Raleigh,* 391 Ill. 536; *Schuman* v. *Chicago Transit Authority,* 407 Ill. 313.) This legislation is not unreasonable and is not subject to the constitutional infirmity charged by defendant.

Defendant directs attention to the limitation provision of section 3 (Ill. Rev. Stat. 1961, chap. 139, par. 167.6,) which reads in part: "nor shall any action provided for in Section 1 be taken by the electors of any such township unless for a period of 3 calendar years prior to the time that such action is proposed to be taken no taxes were levied in such township for township purposes." It is contended that there have been levies by the town during the past three years for township purposes and therefore the transfer of surplus funds authorized by section 1 is prohibited by section 3.

The parties stipulated that the only taxes levied within the town in the calendar years 1958 through 1962 were: (1) a levy for general assistance under the statutory powers of electors, (Ill. Rev. Stat. 1961, chap. 139, pars. 39.04 *et seq.,*) and the Public Assistance Code of Illinois, (Ill. Rev. Stat. 1961, chap. 23, par. 101,); and, (2) a levy for road and bridge purposes by the highway commissioner un-

der the Illinois Highway Code. (Ill. Rev. Stat. 1961, chap. 121, pars. 6—501 *et seq.*) No levy was made for those years for general town purposes under the taxing powers of the electors. Ill. Rev. Stat. 1961, chap. 139, par. 39.03.

In order to gain the legislative intent it is necessary that the several provisions of a statutory enactment be considered together. (See *Scofield* v. *Board of Education*, 411 Ill. 11; *Huckaba* v. *Cox*, 14 Ill.2d 126.) Section 1 (par. 167.4) gives authority to distribute excess funds only when the *general town fund* contains a greater amount than is needed for township purposes. The reasonable interpretation of "township purposes" in that section is the amount needed for *general township purposes*. (Other funds such as the Public Assistance Fund and the Road and Bridge Fund are maintained separately and are not a part of the general town fund.) It logically follows that the prohibition of section 3 (par. 167.6) against distribution of a surplus where a levy has been made within 3 years for "township purposes" extends only to levies for general township purposes.

We find no error in the judgment of the superior court of Cook County and it is affirmed.

*Judgment affirmed.*