The People of the State of Illinois on the Relation of Republican-Reporter Corp., Tilton Publications, Inc., Danny C. Terry, d/b/a Tri-County Press, and Associated Publishers, Inc., Plaintiff-Appellee, v. Claude E. Holmes, Ex Officio County Treasurer, Ogle County, Illinois, and Claude E. Holmes, Supervisor of Assessments, Ogle County, Illinois, Defendant-Appellant.

Gen. No. 67–151.

Second District.

August 29, 1968.

 

James L. Moore, State's Attorney, of Oregon, for appellant.

Fearer & Nye, of Oregon, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Plaintiffs herein, being publishers of all the newspapers in Ogle County, filed a complaint for mandamus against the defendant as Ex Officio County Treasurer and Supervisor of Assessments. The complaint alleged that the published legal descriptions of parcels of real estate, in connection with the quadrennial assessment for the year 1967, was inadequate because of failure to comply with sections 103 and 105 of the Revenue Act of 1939. (Ill Rev Stats 1967, c 120, §§ 584 and 586.) The proof was primarily concerned with the published description of realty found in the rural or unincorporated areas of the county; that is, areas where subdivisions were not present. The trial court held in favor of the plaintiffs and issued a writ of mandamus. The defendant appeals, praying that the order be reversed and the writ discharged.

The sole question presented is whether the statutory provisions require a more sufficient legal description of the property being assessed than that furnished by the defendant to the plaintiffs.

The uncontradicted testimony and exhibits admitted into evidence disclose the following as a representative example of the publication list for Maryland Township furnished by the defendant to the plaintiffs:

12

| | | |
|---|---|---|
| "Chester Bauer, 40. A. | | 4500 |
| "John D. Newcomer, 100. A. | | |
| | 1800 | 9600 |
| "John J. Borgmann, 40. A. | | 3200 |
| "John T. Templin, 80. A. | | |
| | 1000 | 7400 |
| "Clarence E. Bolen, 120. A. | | |
| | 4200 | 15000 |
| "Clarence E. Bolen, 20. A. | | |
| | 600 | 2400 |
| "Larry L. Hegberg, 9.75 A. | | 800 |
| "City Nat'l Bank, 60.25 A. | | |
| | 1800 | 6600 |
| "Lowell R. Kahly, 30. A. | | |
| | 1700 | 3500 |
| "Chester A. Bauer, 15. A. | | 1500 |
| "Jack Bull, 125. A. | | |
| | 3700 | 14200" |

The statutory enactments with which we are concerned are found in sections 30, 103 and 105 of the Revenue Act of 1939, as amended (Ill Rev Stats 1967, c 120, §§ 511, 584 and 586). The pertinent part of section 30 is as follows:

"All real property subject to taxation under this Act, including real estate becoming taxable for the first time, shall be listed *by the proper legal description* in the name of the owner thereof by such owners, or persons required by law, or their agents, or the officers provided by law, and assessed at the times and in the manner as provided in Section 43, . . . Such assessment, as modified or equalized or changed as provided by law, shall be the assessment upon

which taxes shall be levied and extended during the quadrennial period for which the same is made, . . . No assessment of real property shall be considered as illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." (Emphasis added.)

and a portion of section 103 reads:

"In counties containing less than 500,000 inhabitants, as soon as the county assessor, supervisor of assessments or board of assessors, as the case may be, has completed the assessment in the county or in the assessment district he or it shall, in each year of a quadrennial assessment of real property, *publish* for such county or assessment district *a full and complete list of the assessment of real* and personal *property*, by townships if the county be so organized. . . . Such publication shall be made on or before July 10, of that year in counties with less than 150,000 inhabitants and on or before August 10, of that year in counties with 150,000 or more but less than 500,-000 inhabitants, and shall be printed in some public newspaper or newspapers published in said county; . . ." (Emphasis added.)

and section 105 states:

"In all counties the publication of the assessments on real estate shall include the name of the owner or of the person who last paid the taxes on each tract, lot of land or piece of real estate, and the amount of its assessment and how much thereof, if any, is for the improvements thereon. Wherever any real estate, tract or lot of land so assessed is susceptible of description or identification by street name and street or house number, then the publication of such street name and street or house number, together with the dimensions of such tract or lot of land or piece of

real estate, shall constitute a sufficient description of such tract or lot of land or piece of real estate for the purposes of publication required by this Act."

It is the defendant's position first, that a proper construction of the cited statutes does not require any legal description of the real estate assessed and, second, if the statute did require a legal description of the realty assessed, the description published was adequate.

As to the first contention, the defendant argues that it has long been the rule of statutory construction that where there are two provisions, one of which is general and designed to apply to cases generally, and the other is particular and relating to one subject, the particular provisions must prevail and be treated as an exception to the general provision. People v. Kipley, 171 Ill 44, 84, 49 NE 229 (1898). He then concludes that sections 30 and 103 are both general sections covering assessments, whereas section 105 is specific, covering information to be included in the publication of assessments and nothing else. Therefore, with regard to rural property, only the name, the amount of the assessment for improvements, if any, and the total assessment is necessary to be published, without more.

■ ■ We disagree. The legislative intent must be gathered from the entire act rather than from one clause, sentence or section thereof, and courts may not confine their attention to the one part or section to be construed. Illinois Bell Tel. Co. v. Ames, 364 Ill 362, 365–366, 4 NE2d 494 (1936). All of the sections involved pertain to the assessment of realty as determined by the appropriate officer. Such acts, be they general or special, which relate to the same subject or object, are in pari materia although they were enacted at different times. It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but stat-

utes in pari materia should be construed together. People ex rel. Bell v. New York Cent. R. Co., 10 Ill2d 612, 621, 141 NE2d 38 (1957); Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 394, 155 NE2d 308 (1958).

It will be noted that the three sections of the statute which are involved all have a common denominator, that is, the "assessment" of realty. Section 30 creates a duty to establish a list of all real estate subject to taxation for assessment "by the proper legal description." Section 103 furthers the duty to "publish . . . a full and complete list of the assessment of real . . . property" within a certain date in some newspaper and section 105 extends, for publication purposes, not only what has been called for by the preceding sections, namely a full and complete list of assessments of realty by proper legal description, but also the name of the owner or person who last paid taxes, the amount attributable to improvements and the total amount of the assessment. To interpret section 105 differently would be to hold that a legal description, for publication purposes, would only be necessary "wherever any real estate . . . is susceptible of description or identification by street name and street or house number . . . , together with the dimensions . . ." of such realty. This we feel, was not the purpose or intent of the legislature.

The defendant cites various cases for the proposition that the description of real estate for the purposes of taxation is less stringent than needed in a grant or conveyance intended to pass title. However, all of the cases cited dealt with a legal description which reduced the particular section into quarters.

■ Publication of the assessment roll is clearly not designed for the guidance of officers or the maintenance of order, system and dispatch in proceedings. It is to provide the taxpayer first, with notice of value of his property for tax purposes as determined by the proper authority and, second, information and opportunity to

■

ascertain whether the assessment is excessive or disproportionate. People v. Jennings, 3 Ill2d 125, 128, 119 NE2d 781 (1954).

By implication, therefore, in order for a taxpayer to determine if his assessment is disproportionate or excessive, he must be able to compare his assessment with other taxpayers. This then, brings forth the remaining contention of the defendant, that publication of the section, township and range (the three numbers across the top of the example) along with the number of acres, is a sufficient legal description for comparison purposes. The defendant argues that every landowner knows how many acres he owns, but not many could describe his land in terms of a complete legal description as requested by the plaintiffs in their complaint. With this we agree; however, section 30 requires a "proper" legal description and not a "complete" legal description.

The defendant's argument that there was sufficient description given in the publication is based upon the premise that there "can be no doubt that the neighbors know how many acres the adjacent landowners have and of the type of soil and buildings that are on the farm" is not substantiated by any factual matters found in the record in this case nor is such argument persuasive.

As already noted, one of the basic requirements of the publication notice is to allow taxpayers to compare their assessments with others in like circumstances. It therefore follows that the publication should contain a more specific description than given in the instant case, which would thereby allow a person to locate and to ascertain his assessment as compared to others in the area, which does not necessarily mean adjacent thereto.

■ We are of the opinion that the term "proper legal description" as used in section 30 (or the term "a sufficient description of the property," as used by the trial court in its order) to be included in the publication notice provided by section 105, as decided hereinbefore, means a

17

description which would at least specify in what quarter section of the section the property may be found in order that the taxpayer may effectuate his right to compare his assessment with other taxpayers.

We therefore affirm the judgment.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.