*In re* PETITION TO CALL ELECTION ON QUESTION OF INCORPORATING CITY OF PROSPECT HEIGHTS.

(No. 56394;

First District—November 20, 1972.

Donald J. Kreger and Robert M. Karton, both of Chicago, for appellants.

Jack M. Siegel and Roger Bjorvik, both of Chicago, Paul E. Hamer, of Northbrook, and Robert J. DiLeonardi, of Des Plaines, all for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

A number of electors filed a petition to incorporate the City of Prospect Heights and for the holding of an election on that question. Objections to the petition were duly filed by two villages, a park district and certain individual property owners. The gist of the objections is that the petition failed to allege that no part of the territory of the proposed city was within one mile of the boundary of any existing municipality which had not consented to the proposed incorporation. The parties stipulated that a portion of the territory in question was within one mile of both of the objecting villages and that neither of them had consented to the petition. After hearing, the County Division of the Circuit Court of Cook County sustained the objections and dismissed the petition. Petitioners appeal.

The sole issue raised here pertains to the meaning of the pertinent portions of the Illinois Municipal Code. (Ill. Rev. Stat. 1971, ch. 24.) We will summarize these provisions.

Section 2—2—5 provides that if the area sought to be incorporated "* * * contains fewer than 7500 residents and lies within 1½ miles of the boundary line of any existing municipality, the consent of such existing municipality must be obtained before such area may be incorporated."

Section 2—2—6 provides that the petition for incorporation "* * * shall set forth (1) a definite description of the lands intended to be embraced in the proposed city, and a statement that no part of the territory lies within one mile of the boundry line of any existing municipality which has not consented to such incorporation * * *."

Section 2—2—7 is concerned with the filing of objections to such petition and provides that the objections may specify "* * * (3) that some portion of the territory lies within one mile of the boundary line of an existing municipality which has not consented to the incorporation * * *."

Petitioners contend that a reasonable construction of these sections leads to the conclusion that it was not necessary for them to obtain the consent of the objecting municipalities. They urge that sections 2—2—6 and 2—2—7 are merely procedural in contrast to the substantive matter expressed in section 2—2—5. As a corollary to this, they urge that the 1963 and 1969 amendments to section 2—2—5, which will be hereinafter considered, were enacted later than the two other sections and, therefore, that these amendments must prevail. The objectors maintain that their consent is necessary; that all sections of the statute must be read together and that section 2—2—5 does not eliminate the consent requirement.

In addition, objectors urge that there is no conflict or inconsistency between section 2—2—5 and the two following portions.

■■ Our reviewing courts have held many times with unanimity that our primary function and purpose in a situation of this type is to ascertain and give effect to the legislative intent. This guideline has been described as "The cardinal rule statutory construction, to which all other canons and rules are subordinate * * *." (*Elect. Contractors v. Bldg. Authority*, 33 Ill.2d 587, 591-592, 213 N.E.2d 761. See also *Droste v. Kerner*, 34 Ill.2d 495, 503, 217 N.E.2d 73.) We learn further from many decided cases that we should attempt to ascertain the legislative meaning and intent "* * * primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and be given effect." *Droste v. Kerner*, 34 Ill.2d 495, 503, 217 N.E.2d 73. See also *Carnahan v. McKinley*, 80 Ill.App.2d 318, 321, 224 N.E.2d 297.

This legislative enactment is, like many other documents, a product of the legal brain which seems obscure and complicated upon first reading. However, upon study and detailed thought regarding these three sections we have concluded that no ambiguity exists. The analysis leading to this conclusion is relatively simple.

■■ We must, as a preamble, commence from the basic premise that these three portions of the statute must be read as a whole to ascertain their true meaning. This requirement has been aptly described by our courts as "axiomatic." See *City of Chicago v. Vokes*, 28 Ill.2d 475, 482, 193 N.E.2d 40. See also *People ex rel. School Dist. 153 v. Wickham*, 29 Ill.2d 550, 554, 194 N.E.2d 206; *People v. Holmes*, 98 Ill.App.2d 11, 15, 239 N.E.2d 682.

■■■ Examining all three of these sections together, it would appear that the general intent of the legislature was to prevent a proliferation of new incorporated cities which would not have sufficient population to sustain themselves financially and which could encroach upon and prevent territorial expansion of already existing municipal corporations. The three sections together form a logical method for accomplishing this salutary result. Sections 2—2—6 and 2—2—7 would effectively prevent organization of any new city within one mile from the boundary of any municipality which has not consented thereto. Section 2—2—5 is expressly designed to prevent organization of new cities which are within another half-mile distant from an established municipality and which are of a population less than 7500. These requirements are directed at areas more than one mile but less than one-and-one-half miles from the boundary of a nonconsenting municipality and are limited in their

application to proposed new cities with population less than 7500. Where the proposed municipality is more than one-and-one-half miles from the border of a nonconsenting neighbor, section 2—2—5 eliminates the consent requirement regardless of the population of the proposed new municipality.

Applying this simple exposition to the case at bar, it is agreed that the proposed new city has a population in excess of 7500 but it is also agreed that its boundary would be within one mile of the border line of existing municipalities which are objecting on that ground. It follows necessarily that the petition was legally defective and that the trial judge acted properly in ordering its dismissal.

It is correct, as noted by counsel for petitioners, that section 2—2—5 of this enactment was the subject of legislative amendments. In 1963, section 2—2—5 was amended to provide that where the area sought to be newly incorporated lies within one mile of the boundary of an existing municipality, the consent of such existing municipality was essential. (See Ill. Rev. Stat. 1963, ch. 24, par. 2—2—5.) However, in 1969, this paragraph was further amended by making the distance requirement one-and-one-half miles. (See Ill. Rev. Stat. 1971, ch. 24, par. 2—2—5.) The legislature did not amend sections 2—2—6 and 2—2—7. Counsel for petitioners finds a legislative oversight from this situation. On the contrary, we perceive no oversight but simply purposeful amendments which act further to effectuate the legislative intent.

■■ As pointed out by counsel for objectors, it has frequently been held that where the court has a choice of two constructions of a statute, one of which would make it absurd or inherently repugnant and the other reasonable or reconciled, that we should, if possible, take the path which would avoid conflict and result in a logical scheme of legislative regulation. (*Board of Ed. of Rockford v. Community High School,* 89 Ill.App.2d 481, 485, 232 N.E.2d 316.) We cannot proceed upon the theory that the legislature has performed useless acts in creating these amendments. (*Pinkstaff v. Penn. R.R. Co.,* 31 Ill.2d 518, 524, 202 N.E.2d 512.) Concluding as we have that the true intent and meaning of the legislature in fact appears from the language of the enactment itself, we need not consider or comment upon additional principles of statutory construction urged upon us by counsel for the objectors.

The order appealed from is affirmed.

Order affirmed.

BURKE and ADESKO, JJ., concur.