*In re* PROPOSED INCORPORATION OF VILLAGE OF BEACH PARK, LAKE COUNTY (Waukegan Port District *et al.*, Objectors and Intervenors-Appellants, v. Petitioners of Proposed Village of Beach Park, Petitioners-Appellees).

Second District   No. 2—86—0784

Opinion filed July 23, 1987.

Hall, Holmberg, Roach, Johnston, Fisher & Lessman, of Waukegan (Robert E. Lessman, of counsel), for appellant Waukegan Port District.

John E. Schultz, of Conzelman, Schultz, Snarski & Mullen, of Waukegan (J. Ted Kuderko, of counsel), for appellant City of Waukegan.

Newton E. Finn, of Waukegan, for appellees.

JUSTICE NASH delivered the opinion of the court:

The Waukegan Port District and the city of Waukegan appeal pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) from orders of the circuit court dismissing their objections to a petition to incorporate the village of Beach Park and denying their motions to intervene in the incorporation proceeding.

The Port District contends that the village incorporation statute in issue (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a) is unconstitutional as it arbitrarily fails to require the consent of or the right to object by existing nearby municipalities in order to incorporate a village containing more than 7,500 residents, thus denying the Port District fundamental due process. The District also contends that the trial court erred in denying it intervention in the incorporation proceeding pursuant to section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408).

The city of Waukegan contends that it has a right to file objections or to intervene in the incorporation of proceedings of a village adjacent to its corporate boundaries.

On March 13, 1986, a petition containing the names of more than 250 persons was filed in the circuit court pursuant to section 2—3—5a of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a). The petition alleged, *inter alia*, that the area described in an attached exhibit was sought to be incorporated as the village of Beach Park and was contiguous territory of at least four square miles, no part of which lay within any existing city or village. It also alleged that petitioners were electors who reside in the area, which has approximately 12,000 residents, more than 2,500 of whom reside in permanent dwellings. The petition prayed that the court rule that the area proposed to be incorporated is a village in fact and certify the question of incorporation for submission to the electors residing therein at the general election held in November 1986. The trial court set July 1, 1986, for a hearing of the incorporation petition.

Prior to the hearing date, on June 24, 1986, the Port District filed objections to the petition (termed alternatively as a complaint for declaratory judgment) in which it alleged the petition was defective in certain respects. It also asserted that section 2—3—5a of the Municipal Code was illegal and unconstitutional as applied to the petition, in

violation of the fourteenth amendment to the United States Constitution and section 2 of article 1 of the Illinois Constitution as it deprived the Port District of due process. The Port District alleged it was entitled to notice and participation in planning the proposed village; to be permitted to consent to or reject the proposed village, as it would had the population of the proposed village been less than 7,500; and that such incorporation was contrary to certain zoning regulations adopted by the State Department of Aeronautics. The Port District sought declaratory judgment that the statute under which the petition had been made was unconstitutional and that the petition for incorporation be dismissed.

On June 25, 1986, the Port District also filed a motion to intervene in the proceedings, apparently offered as an alternate plea in the event the trial court would not allow the Port District to file its objections and complaint for declaratory judgment.

The city of Waukegan also filed similar objections to the petition in which it alleged that section 2—3—5a of the Municipal Code violated its due process rights and that the petition did not otherwise conform to the requirements of the statute.

Counsel for the petitioners moved to strike the objections and the Port District's motion to intervene on the grounds neither objection nor intervention is permitted in a proceeding for incorporation of a village and, if it were, that the Port District lacked standing to do so. After a hearing, the trial court struck the objections of the Port District and Waukegan and denied intervention by the Port District. The court found there was no provision for objections or intervention made by the legislature in a proceeding for incorporation of a village and that the hearing of the petition was *ex parte*.

On July 3, 1986, after a hearing in which the trial court considered only testimony offered by petitioners relating to the allegations of the petition, the court found that the area under consideration was a village in fact and that the petition met all statutory requirements. It further certified the proposition whether the area should be incorporated as a village for submission to the electors of the area in the November 4, 1986, general election.

Subsequently, on July 29, 1986, the city of Waukegan sought to intervene in the pending proceeding, alleging that the proposed village area was not contiguous and included land located within the boundaries of the cities of Zion and Waukegan. Intervention was again denied, on the same grounds, and the trial court made findings that there was no cause to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). After notices of appeal

were filed by the Port District and Waukegan, this court stayed the incorporation election on their motion until resolution of the appeal.

Petitioners seek to incorporate the village pursuant to section 2—3—5a of the Municipal Code, which provides:

"Whenever in any county of 150,000 or more population as determined by the last preceding federal census any area of contiguous territory contains at least 4 square miles and 2500 inhabitants residing in permanent dwellings, that area may be incorporated as a village if a petition filed by 250 electors residing within that area is filed with the circuit clerk of the county in which such area is located addressed to the circuit court for that county. The petition must set forth:

(a) a legal description of the area intended to be included in the proposed village,

(b) the number of residents in that area,

(c) the name of the proposed village, and

(d) a prayer that the question of the incorporation of the area as a village be submitted to the electors residing within the limits of the proposed village.

If the area contains fewer than 7,500 residents and lies within 1½ miles of the limits of any existing municipality, the consent of that municipality must be obtained before the area may be incorporated." Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a.

Section 2—3—6 of the Code describes what shall occur after filing of a petition and provides that "the court shall hear testimony and rule that the area under consideration is or is not a village in fact." If the court finds that the area does not constitute a village in fact, the petition will be denied. If it finds that the area does constitute a village in fact, the court will certify the question of incorporation for submission to the electors of the area. If a majority of the votes cast at the election favor incorporation, the inhabitants of the area are incorporated as a village with the name stated in the petition. Ill. Rev. Stat. 1985, ch. 24, par. 2—3—6.

The Port District and city of Waukegan contend that section 2—3—5a of the Municipal Code violates due process because the statute makes no provision for objections by or the consent of nearby municipalities to a petition for incorporation of a village having *over* 7,500 residents. The municipal appellants note that the consent of neighboring municipalities is required to incorporate either a city or a village having less than 7,500 residents (Ill. Rev. Stat. 1985, ch. 24, pars. 2—2—5, 2—3—5a) and that a nearby municipality may file objections to

the incorporation of a city with a population of more than 7,500 residents (Ill. Rev. Stat. 1985, ch. 24, par. 2—2—7).

■ We need not consider further this argument as it has been long established that under the doctrine of legislative supremacy over municipal corporations, the latter cannot properly seek the protection of the due process clause against the State government. (*Village of Riverwoods v. Department of Transportation* (1979), 77 Ill. 2d 130, 136, 395 N.E.2d 555; *Meador v. City of Salem* (1972), 51 Ill. 2d 572, 578, 284 N.E.2d 266; *Supervisors of the County of Boone v. Village of Rainbow Gardens* (1958), 14 Ill. 2d 504, 507-08, 153 N.E.2d 16.) The Waukegan Port District is a municipal corporation of the State (Ill. Rev. Stat. 1985, ch. 19, par. 179 *et seq.*), as is the city of Waukegan, and they thus lack standing to assert the unconstitutionality of the village incorporation statute on due process grounds.

■ The Port District and Waukegan also contend they were entitled to intervention in the incorporation proceeding pursuant to section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408). We do not agree.

In *Lindquist v. Seventy-Eight Petitioners* (1951), 344 Ill. App. 400, 101 N.E.2d 120, this court considered an earlier, but similar statute for the incorporation of a village and found that the proceeding was *ex parte* and *in rem*. The court concluded that there was no provision for an adverse party in the proceedings until such time as incorporation may be approved in the election and a declaration of incorporation of the village made by the court. At that point, questions whether the statutory requirements for incorporation of the village have been met may be raised in a proceeding in *quo warranto*. 344 Ill. App. 400, 404, 101 N.E.2d 120; see also *People ex rel. Moran v. Teolis* (1960), 20 Ill. 2d 95, 98, 169 N.E.2d 232; *Village of LaGrange Park v. Jarecki* (1927), 243 Ill. App. 290.

The Port District and city of Waukegan have offered no authority contradicting the holding in *Lindquist v. Seventy-Eight Petitioners*, nor has our research disclosed any contrary view. It seems apparent the legislature intended that the question of the incorporation of a village containing over 7,500 residents in counties exceeding 150,000 inhabitants is, in the first instance, to be determined by the electors of the area seeking incorporation, subject only to a preliminary review by the circuit court that the statutory requirements have been met. (See *People ex rel. County of Du Page v. Lowe* (1967), 36 Ill. 2d 372, 380-81, 224 N.E.2d 1.) The legislature has made no provision for securing the consent of neighboring municipalities or for hearing of objections to incorporation of a village, as it has done relating to the in-

corporation of a city (see Ill. Rev. Stat. 1985, ch. 24, par. 2—2—7). If the interested electors approve formation of the village, the statutory proceedings leading to that conclusion are subject to testing by other interested parties in a *quo warranto* action. *People ex rel. Moran v. Teolis* (1960), 20 Ill. 2d 95, 169 N.E.2d 232; *People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 324, 125 N.E.2d 637.

This court has concluded that it improvidently stayed the incorporation election called to be held in November 1986 and that it should have been allowed to proceed. If the question did not carry the election, the matter would end there; if incorporation had been approved, the concerns of appellants in this appeal would by now have been addressed in a *quo warranto* proceeding.

Accordingly, the judgment of the circuit court is affirmed and the cause remanded with directions that the proposition of the incorporation of the village of Beach Park be submitted to the electors of the area. See *In re Incorporation of Village of Capital Heights* (1968), 41 Ill. 2d 256, 242 N.E.2d 247.

Affirmed and remanded with directions.

HOPF and WOODWARD, JJ., concur.