166 Ill. App.3d 146 (1988)
519 N.E.2d 721
In re PROPOSED INCORPORATION OF THE VILLAGE OF FRANKFORT SQUARE, WILL COUNTY (Petitioners Seeking to Incorporate Frankfort Square, Petitioners-Appellants,
v.
The Village of Frankfort et al., Objectors and Intervenors-Appellees).
No. 3-87-0607.
Illinois Appellate Court  Third District.
Opinion filed February 22, 1988.
*147 *148 Barrett & Sramek, of Palos Heights (Gerald J. Sramek, of counsel), for appellants.
Herschbach, Tracy, Johnson, Bertani & Wilson and McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, both of Joliet (George F. Mahoney III and George E. Sangmeister, of counsel), for appellees.
Judgment affirmed.
PRESIDING JUSTICE BARRY delivered the opinion of the court:
Petitioners (incorporators) are residents of an area in Will County that is circumscribed primarily by Lincoln Highway (U.S. Route 30) on the south, by Tinley Park Road on the north, by Harlem Avenue (State Highway 43) on the east and, at its widest point, by 96th Avenue (U.S. Route 45) on the west. On June 24, 1987, petitioners filed this action in the circuit court of Will County for a ruling pursuant to section 2-3-5a of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1985, ch. 24, par. 2-3-5a) that the area, which they sought to name the Village of Frankfort Square, is a village in fact.
The petition alleged, inter alia, that the proposed incorporation area consists of at least four square miles, no part of which lies within any existing city or village; that approximately 7,900 residents live in the area, more than 2,500 of whom reside in permanent dwellings; and that the name "Village of Frankfort Square" had not been adopted by any other Illinois municipality. The petitioners sought to submit to the voters in the general election of November 1987 the question of the incorporation of the proposed Village of Frankfort Square.
Thereafter, on July 21 and July 22, 1987, the Village of Frankfort and the Village of Mokena, respectively, filed petitions for leave to intervene and objections to the proposed petition for incorporation. (Appearances and objections were also filed on behalf of the Arbury Hills *149 Homeowners' Association and various individuals; however, on motion of the incorporators, the trial court denied them leave to intervene and dismissed their objections.) The trial court allowed the villages' petitions to intervene over the objections of the incorporators. The intervenors moved for summary judgment on the ground that the proposed incorporation area contains fewer than 7,500 residents according to the 1980 Federal census and that therefore consents were required pursuant to section 2-3-5a. It is undisputed that consents had not been obtained from the Villages of Frankfort and Mokena, both of which lie within 1 1/2 miles of the proposed incorporation area. The villages' motion was supported by affidavits of the village clerks and certified copies of the 1980 United States census records for the territory in question. Ultimately, the trial court granted summary judgment for the intervenors, dismissed the petition to incorporate, and on September 8, 1987, the court denied the incorporators' motion for stay pending appeal. Also on September 8, the incorporators filed their notice of appeal to this court.
The issues on appeal are: (1) whether the trial court erred by allowing the neighboring villages to intervene in this action; (2) whether the trial court improperly limited proof of population to the 1980 Federal census data; and (3) whether the trial court erroneously denied a stay of its order pending appeal.
 1 Before addressing these questions, we first respond to certain motions brought in this court. It appears that on September 9, 1987, the Village of Frankfort held a meeting at which an ordinance was passed annexing approximately 100 acres of the territory with which we are here concerned. On September 11, the incorporators moved for a stay in this court, seeking to reestablish the status quo. We allowed that motion over the objections of the villages. The issues were briefed, and then the Village of Frankfort moved to dismiss the appeal as moot on the ground that the territory under consideration now includes a portion of an existing municipality, contrary to article 2, division 3, of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 2-3-1 et seq.).
Clearly, proceedings to annex territory that is the subject of incorporation proceedings may not be legally initiated prior to the defeat of the petition to incorporate. (People v. Knapp (1963), 28 Ill.2d 239, 190 N.E.2d 774.) Here, the petition was dismissed by the trial court, the incorporators' petition for a stay was denied and a notice of appeal was filed prior to the annexation proceedings. Should the defeat of the incorporators' petition for a stay result as well in a defeat of their right to appeal the dismissal of their petition? We think not.
*150 Analogizing to the law of property in the private sector, it is the rule that, in the absence of a stay, an appeal will be dismissed as moot if the subject real estate is conveyed to a third party during the pendency of an appeal. Dismissal is not appropriate, however, where the purchaser is a party or nominee of a party to the litigation. (Illinois Housing Development Authority v. La Salle National Bank (1985), 139 Ill. App.3d 985, 987-88, 487 N.E.2d 772, 774.) We see no reason why this rule should not apply as well in the case of a municipality seeking to annex territory that is the subject of litigation. In this case, the annexing village is a party to the appeal. Notice of the appeal was served on counsel for both villages on September 8, 1987; and Frankfort's next-day attempt to annex a portion of the subject property would be rendered null and void if the incorporators were successful on the merits of the appeal. Accordingly, we find that the appeal is not moot. We deny the motion to dismiss, and we turn to the merits as presented for our consideration.
 2 At the core of the proceedings on a section 2-3-6 petition is the determination of whether the territory described in the petition to incorporate is a "village in fact." (Ill. Rev. Stat. 1985, ch. 24, par. 2-3-6.) To qualify as a "village in fact," the area under consideration must meet the requirements set forth in the appropriate statutory section (People ex rel. County of Du Page v. Lowe (1967), 36 Ill.2d 372, 224 N.E.2d 1)  in this case, section 2-3-5a (Ill. Rev. Stat. 1985, ch. 24, par. 2-3-5a). That section recites that the area under consideration must be contiguous territory containing at least four square miles and 2,500 inhabitants residing in permanent dwellings. Based on these characteristics alone, the proposed area is indisputably a "village in fact."
Section 2-3-5a goes on, however, to require that if the area contains fewer than 7,500 residents and lies within 1 1/2 miles of an existing municipality, then the consent of that municipality must be obtained before the area may be incorporated. The incorporators would have this court hold that their petition to incorporate cannot be objected to for any reason whatsoever prior to an election on the question of incorporation. In support of their argument, the incorporators cite Lindquist v. Seventy-Eight Petitioners in a Certain Petition Filed the 17th Day of January, 1950, in the County of Lake (1951), 344 Ill. App. 400, 101 N.E.2d 120, and In Re Proposed Incorporation of Village of Beach Park, Lake County (1987), 158 Ill. App.3d 207, 511 N.E.2d 858. We have carefully reviewed both opinions and find that they do not require a reversal in this case.
The objector in Lindquist filed an unverified petition after an *151 election was held, a majority vote was cast for the incorporation of the village and the Lake County circuit court entered an order declaring that the Village of Island Lake was a duly organized village. The objector complained that the area under consideration lay partially in McHenry County and partially in Lake County. Because the incorporators' petition was presented only in the circuit court of Lake County, and not in McHenry County, the objector contended that the court's order was void. On appeal, the court observed that "[t]he proceedings appear to be in rem and ex parte, in which there is no adverse party. [Citation.] * * * If a village is illegally incorporated, and the statutory requirements have not been complied with, probably the only way that its illegality can be attacked is by quo warranto. * * * [T]he statute does not disclose that an elector is permitted to file a petition challenging the legality of the incorporation proceedings. He probably can do this only by an action of quo warranto." (Lindquist, 344 Ill. App. at 404-05, 101 N.E.2d at 122.) The court went on to note that "[e]ven assuming that the [objector's] petition had been properly filed, the county court was still correct in striking it, because it * * * [] * * * was an unverified petition and * * * the [Civil Practice Act] requires verification." (Lindquist, 344 Ill. App. at 405, 101 N.E.2d at 122.) Finally, the court ruled that the objector's construction of the statute to the effect that petitions would be required in multiple counties would result in absurd consequences. For all of these reasons, the appellate court held, the circuit court's judgment dismissing the objector's petition was correct. 344 Ill. App. at 406, 101 N.E.2d at 123.
In Beach Park, the intervenors took exception to the statutory scheme pursuant to which the incorporators proceeded, challenging section 2-3-5a on constitutional grounds. They also alleged that the incorporators' petition was defective in certain respects, including that the proposed village area was not contiguous and included land located within the boundaries of certain existing municipalities. The trial court struck the objections and denied intervention, finding that "there was no provision for objections or intervention made by the legislature in a proceeding for incorporation of a village and that the hearing of the petition was ex parte." (Beach Park, 158 Ill. App.3d at 209, 511 N.E.2d at 859.) On appeal, the intervenors contended that they were entitled to intervene pursuant to section 2-408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-408). The court disagreed, citing Lindquist.
The court's interpretation of Lindquist, however, does not square with our interpretation of that case. The Beach Park court stated that the Lindquist court "found that the proceeding was ex parte and in *152 rem * * * [and] concluded that there was no provision for an adverse party in the proceedings until such time as incorporation may be approved in the election and a declaration of incorporation of the village made by the court." (Beach Park, 158 Ill. App.3d at 211, 511 N.E.2d at 860.) It must be recalled that the Lindquist court, sitting in 1951, was not addressing a timely petition to intervene, but rather an unsupported, unverified, after-the-fact petition "in the nature of a protest." (Lindquist, 344 Ill. App. at 403, 101 N.E.2d at 121.) The court observed that the statutory proceedings appear to be in rem and ex parte, and probably the only way the illegal incorporation of a village may be attacked is by quo warranto. Significantly, it was not until the 1955 amendments to the Civil Practice Act that a modern intervention practice was established in Illinois. (See Ill. Ann. Stat., ch. 110, Preface, at XXII (Smith-Hurd 1985).) Moreover, it is apparent to us that the Lindquist court was not satisfied to rest its holding on appearances and probabilities, because the court went on to find that the objector's petition was both procedurally defective and legally meritless.
Thus, to the extent that the Beach Park court affirmed the trial court's denial of the intervenors' petition on grounds that the Municipal Code, by its silence, foreclosed all preincorporation contests to a petition to incorporate a village, we most respectfully decline to adopt that court's rationale. It has long been the policy of this State to encourage the orderly and efficient determination of controversies brought in our State courts and to avoid a strict or overly technical construction on procedural matters where to do so would result in unnecessary delay or expense in the adjudication of the merits of the litigants' dispute. (Ill. Rev. Stat. 1985, ch. 110, par. 1-106.) The consequence of denying intervention in all cases could result in unwarranted expense to the public for an election and further legal proceedings in quo warranto to belatedly test what could have been more efficiently resolved up front at the section 2-3-6 hearing. (See People v. Thompson (1968), 101 Ill. App.2d 104, 242 N.E.2d 49.) As stated in Lindquist, "[w]here absurd consequences result from a particular construction of the statute, such construction will be avoided if the statute will reasonably permit of a different construction." Lindquist, 344 Ill. App. at 407, 101 N.E.2d at 123.
With respect to article 2, division 2, of the Code  incorporation of cities  it has been stated that the legislative intent "was to prevent a proliferation of new incorporated cities which would not have sufficient population to sustain themselves financially and which could encroach upon and prevent territorial expansion of already existing municipal *153 corporations." (In re Petition to Call Election on Question of Incorporating the City of Prospect Heights (1972), 8 Ill. App.3d 780, 782, 291 N.E.2d 336, 338.) Our reading of the statute convinces us that the same general intent undergirds article 2, division 3  the incorporation of villages. The legislative purpose would hardly be served by denying intervention to nearby municipalities whose interests were a primary concern of the legislation. Conversely, both the legislative intent of article 2, division 3, and the general policy underlying this State's civil practice laws are furthered by permitting interventions pursuant to section 2-408 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2-408.) We hold, therefore that the circuit court acted within its authority in granting the villages' petitions to intervene.
 3 Having determined that the Illinois Municipal Code presents no procedural obstacle to the intervenors' participation in a section 2-3-6 proceeding, we do not hesitate to sustain the trial court's determination that the villages had standing to object for failure to comply with the consent provision of the incorporators' section 2-3-5a petition. The failure to allege compliance with similar provisions in article 2, division 2, of the Code (Ill. Rev. Stat. 1985, ch. 24, par. 2-2-5) may be fatal to a petition to incorporate a city. (See In re City of Prospect Heights, 8 Ill. App.3d 780, 291 N.E.2d 336.) Recently, our supreme court approved sub silentio the dismissal of a petition to incorporate a village for failure to comply with section 2-3-18. (In re Proposed Incorporation of Liberty Lakes (1987), 119 Ill.2d 179.) In Liberty Lakes, the incorporators filed a petition to incorporate in the circuit court and requested that the Lake County board make a determination that the proposed village was compatible with the county's official plan (Ill. Rev. Stat. 1985, ch. 24, par. 2-3-18). Apparently sensing an unfavorable ruling, the incorporators withdrew their request and returned to the circuit court for a ruling that section 2-3-18 of the Municipal Code was unconstitutional. Interested villages and the County of Lake intervened in support of the section's constitutionality. The circuit court upheld the statute and dismissed the petition to incorporate. Implicit in the court's ruling is the finding that the incorporators' petition was legally defective without the allegation required by section 2-3-18. (See In re Petition to Call an Election on the Question of Incorporating the Village of Forest Knoll (1986), 148 Ill. App.3d 436, 499 N.E.2d 129.) On direct appeal, the supreme court found no constitutional infirmity in the statute and affirmed the circuit court's judgment.
The Beach Park court (Beach Park, 158 Ill. App.3d at 210, 511 *154 N.E.2d at 861) correctly observed that (unlike article 2, division 3) division 2, concerning incorporation of cities, specifically enumerates matters that may be the subject of an objection. (Ill. Rev. Stat. 1985, ch. 24, par. 2-2-7.) We do not, however, ascribe the same significance to this phenomenon as did the Beach Park court. Rather, we find guidance in our supreme court's disposition in Liberty Lakes. Obviously, if the court were restricted to hearing testimony and ruling on the question of whether the area is a "village in fact" (see Lowe, 36 Ill.2d 372, 224 N.E.2d 1), there would have been no ground for dismissing the Liberty Lakes incorporators' petition.
Although the legislature did not choose to enumerate those matters that could be challenged upon proceedings to incorporate a village, we believe it clear from the statute that proof of legal defects, including failure to comply with the consent provision, will suffice to defeat a petition brought pursuant to section 2-3-6 of the Code. Accordingly, we hold that the circuit court acted properly in allowing the intervenors to introduce evidence that the incorporators' petition was legally defective for failure to obtain their consents.
 4 Next, we address the incorporators' argument that the trial court erred in accepting the intervenors' evidence of the 1980 Federal census figures as conclusive of the proposed village's population. We find little merit in the incorporators' position. First, section 1-7-2 of the Municipal Code specifically provides that whenever any provision of the Code is based upon the number of inhabitants, that number shall be determined by reference to the latest census taken by authority of the United States, the State of Illinois or the municipality itself. (Ill. Rev. Stat. 1985, ch. 24, par. 1-7-2.) Further, it is well established by relevant judicial precedent that Federal census figures are conclusive evidence of population. (People v. Walker (1978), 59 Ill. App.3d 192, 198-99, 375 N.E.2d 843, 848-49 (citing Supervisors of the County of Boone v. Village of Rainbow Gardens (1958), 14 Ill.2d 504, 153 N.E.2d 16).) And lastly, the incorporators did not offer any evidence whatsoever in an attempt to rebut the Federal census figures. According to the latest official count, as offered by the villages, the territory in question contained no more than 6,313 inhabitants. The incorporators' bald allegation that the area was home to approximately 7,900 residents is insufficient to create a genuine issue of material fact or to preclude the granting of summary judgment against them.
Having found that the trial court did not err either in granting the intervenors' petition to intervene or in ruling that the intervenors' evidence of population was conclusive of the number of inhabitants of *155 the proposed incorporated village, we need not consider the parties' arguments concerning the trial court's denial of the incorporators' petition to stay pending this appeal. For the reasons stated herein, we affirm the judgment of the circuit court of Will County.
Affirmed.
STOUDER and SCOTT, JJ., concur.