GREGORY K. IKEMIRE *et al.*, Plaintiffs-Appellants, v. REGIONAL BOARD OF SCHOOL TRUSTEES, Crawford and Lawrence Counties, *et al.*, Defendants-Appellees.

Fifth District  No. 5—89—0523

Opinion filed June 22, 1990.

[black redaction blocks]

Jeffrey E. Fleming, of Olney, for appellants.

Max L. Tedford, of Cox, Phillips, Weber, Tedford & Heap, P.C., of Robinson, for appellee Oblong Community Unit School District No. 4.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs Gregory and Susan Ikemire petitioned for detachment of a tract of real estate from Oblong Community School District No. 4 (Oblong School District), and for annexation to Jasper County Community Unit School District No. 1 (Jasper School District). The regional board of school trustees conducted a hearing on June 28, 1988, and denied the petition. On administrative review, the circuit court of Crawford County affirmed. Plaintiffs appeal.

Plaintiffs are the owners of a tract of land located approximately one mile from the nearest Jasper School District boundary line. Plaintiffs' tract is located in the Oblong School District. Plaintiffs petitioned for detachment of their acreage, together with a strip of land 165 feet

in width and approximately one mile in length extending from their residence to the Jasper School District.

JASPER SCHOOL DISTRICT

school district boundary

additional strip sought
to be annexed

Ikemire tract

OBLONG SCHOOL DISTRICT

Gregory Ikemire testified that there are six owners of the one-mile strip of real estate which was included in the petition. Ikemire testified that of the six owners, only two of them had knowledge of the petition for detachment. None of the owners of the tract were present at the hearing to testify.

Plaintiffs testified at the hearing before the regional board of school trustees that they were the only registered voters in the area sought to be detached. Plaintiffs further testified as follows: that of their three children, only Kristi, age nine, and Kelly, age six, are of school age; plaintiffs' youngest child, Kevin, is three years of age; in 1986 Gregory Ikemire became president of the Peoples State Bank in Newton, Jasper County, Illinois; in his capacity as president, he is expected to be involved in community, civic, and school activities in Newton and Jasper County; Mr. Ikemire has participated in fund-raising events, parades, and other events in Jasper County as the bank's representative and anticipates continuing to do so; Mr. Ikemire is a trustee of Jasper Jobs, Inc., which he describes as the Jasper Chamber of Commerce; among his many activities in Jasper County, Mr. Ikemire is also a member of the Newton Rotary Club and the Jasper County Farm Bureau; Susan Ikemire grew up in Jasper County and her parents live in Newton; plaintiffs rely on friends and relatives in Newton and Jasper County as babysitters for their children; and plaintiffs attend church in Newton.

The plaintiffs expressed no dissatisfaction with the education their children receive in the Oblong School District. Susan Ikemire testified

that the children appeared to be well adjusted in the schools and have had no disciplinary problems. The Ikemires' principal concern in seeking detachment stemmed from Gregory Ikemire's position as bank president. Since his job requires him to actively participate in Jasper community events, the plaintiffs believe family involvement in Oblong School District events will be hindered, and a detriment to the family structure may result.

The plaintiffs also testified that the special needs of their son Kevin would be better served in the Jasper School District. Kevin has an allergy which is aggravated by grain and bean dust. He is required to take medication during harvest season because of the symptoms resulting from the dust. The Oblong grade school is located next to a commercial grain elevator. The plaintiffs are concerned that the daily exposure to the dust while attending school in the Oblong School District will require additional medication for a prolonged period of time. Plaintiffs testified that they live on a farm, and during harvest, Kevin is kept inside the house because of the crop dust in the air. It was revealed on cross-examination that the schools Kevin would attend in the Jasper School District are located in a rural area, although it was not known whether there were bean or corn fields within close proximity.

There was a discrepancy in the testimony at trial as to the traveling distances from the Ikemire residence to the two school districts. A letter admitted into evidence, signed by the superintendent of Jasper School District, states that annexation to Jasper School District would not create a transportation burden to the district, nor would it cause a discernible increase in expense to the district.

Alan Price, Oblong High School principal and acting superintendent, testified that the amount of school aid which the district would forfeit each year, if the petition for detachment were granted, would be approximately $2,050 per child. The real estate tax revenue on the Ikemire property which the district would lose would be approximately $667 per year. Alan Price also testified that the Jasper School District is currently the largest in Illinois in square miles. He testified that currently Oblong School District is levying at almost the maximum tax rate, while Jasper School District is not. A report admitted into evidence on behalf of Roger Lewis, the regional superintendent of schools, shows that the Jasper School District is three times larger in area and six times larger in assessed valuation than the Oblong School District.

Before addressing the issues on appeal, we are asked to respond to defendant-appellee Oblong School District's motion to dismiss this appeal. The motion is based on grounds that the plaintiffs no longer reside upon the property which is the subject of this appeal. The Ikemires

confirm that since the filing of their appeal they have moved to the Jasper School District.

■ It is true that we should not decide a case where a judgment would be wholly ineffectual for want of a subject matter on which it could operate, or which would have an advisory effect only. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276, 449 N.E.2d 856, 857.) It is well established that in the absence of a stay, an appeal is moot if possession or ownership of the specific property which is involved in the relief being sought on appeal has been conveyed to third parties. (107 Ill. 2d R. 305(i); *Illinois Housing Development Authority v. La Salle National Bank* (1985), 139 Ill. App. 3d 985, 987, 487 N.E.2d 772, 774.) While this rule is usually applied to the law of property in the private sector, we see no reason not to apply it to the case at bar. See *In re Proposed Incorporation of Village of Frankfort Square* (1988), 166 Ill. App. 3d 146, 150, 519 N.E.2d 721, 723.

■ On the issue of mootness, Gregory Ikemire submitted an affidavit which stated: (1) that beginning in September 1988, plaintiffs paid tuition costs to the Jasper School District in the approximate amount of $700 per month and have paid in excess of $9,700 in tuition; (2) that in an attempt to reduce the amount of tuition paid during the pendency of this appeal, plaintiffs moved to a residence located in the Jasper School District; (3) plaintiffs continue to own and maintain the residence located on the subject property; and (4) plaintiffs have not changed their voter registration. It has not been alleged or shown that the Ikemires have conveyed their interest in the subject property. We do not believe their right to appeal should be defeated merely because they have chosen to mitigate their damages by moving their residence outside the Oblong School District, particularly when they continue to own and maintain the residence on the subject property. Accordingly, we find that the appeal is not moot, and we deny the motion to dismiss.

■ ■ Turning to the merits of this appeal, plaintiffs contend that the decision of the regional board of school trustees, denying their petition for detachment and annexation, was contrary to the manifest weight of the evidence. It is the role of the regional board and not of the courts to make findings of fact, and its determination will not be disturbed on administrative review unless it is shown to be contrary to the manifest weight of the evidence. (*School District No. 79 v. County Board of School Trustees* (1954), 4 Ill. 2d 533, 541, 123 N.E.2d 475, 479.) Section 7—6 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 7—6) sets forth the guidelines to be followed by the regional boards in determining whether to permit detachment and annexation. Following these guidelines, the regional boards may allow detachment only where

the benefit to the annexing district and the detachment area clearly outweigh the detriment resulting to the detaching district and the surrounding community as a whole. *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 193-94, 145 N.E.2d 736, 737.

■ The record shows that the trial court's ruling that the plaintiffs failed to establish that the Jasper School District or its pupils would as a whole benefit by the annexation of the subject property is not against the manifest weight of the evidence. No allegations were made and no testimony was received indicating that the educational opportunities of one district exceeded the other. Although the financial detriment of the Oblong School District is but one factor to be considered (*Fromm v. Will County Board of School Trustees* (1976), 41 Ill. App. 3d 1045, 1049, 355 N.E.2d 172, 175), it is evidence which supports the board's decision. Furthermore, although evidence was presented regarding Kevin Ikemire's allergies and the plaintiffs' concerns related thereto, we do not find that the board's determination was contrary to the manifest weight of the evidence. We find it significant that the Ikemires reside on a farm where Kevin is currently subjected to grain and bean dust. Additionally, there was evidence that the schools in the Jasper School District are located in rural areas.

The remaining evidence indicates that the detachment would be solely for the preference and convenience of the plaintiffs personally. (See *Eble v. Hamilton* (1977), 52 Ill. App. 3d 550, 554, 367 N.E.2d 788, 791.) Personal preference and convenience, standing alone, are insufficient to support a detachment (*Oakdale*, 12 Ill. 2d at 194, 145 N.E.2d at 738); however, considering this factor along with the other evidence presented, we conclude that the decision of the regional board was not contrary to the manifest weight of the evidence.

■ Plaintiffs also argue on appeal that the trial court failed to give sufficient consideration to the "whole child" concept, as that term was recognized in *Board of Education of Golf School District No. 67 v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 433 N.E.2d 240:

"The 'whole child' factor *** recognizes that extracurricular participation in social, religious and even commercial activities is important in a child's development as a beneficial supplement to the child's academic involvement. [Citation.] Too, in annexation-application hearings it is proper to ascertain whether the petitioning area is identified with the school district and the community to which annexation is requested. If a child attends school in his natural community it enhances not only his educational opportunity, but encourages his participation in social and other ex-

tracurricular activities that figure importantly in the 'whole child' idea." *Golf,* 89 Ill. 2d at 397-98, 433 N.E.2d at 243.

Susan Ikemire testified that her children appeared to be well adjusted in the Oblong School District. The plaintiffs expressed no dissatisfaction with the education their children receive in the Oblong School District. Their principal reason for seeking detachment stemmed from Gregory Ikemire's position as bank president. Mr. Ikemire testified that he is not precluded from participating in Oblong School District events, but that his job requires him to partake in Jasper community activities which consequently interfere with his ability to participate in Oblong area events. While the Ikemires expressed concern that their son would be precluded from participating in outdoor activities at the Oblong grade school due to his allergies, there was evidence that the Jasper schools are also located in rural areas. Kevin currently is required to stay inside of his home during harvest season, as the Ikemires live on a farm and the crop dust aggravates Kevin's allergy.

Plaintiffs offered no evidence that the petitioning area is identified with the Jasper School District and the Jasper community. (*Golf,* 89 Ill. 2d at 398, 433 N.E.2d at 243.) We do not find that based on the evidence presented the trial court failed to consider the "whole child" concept.

■ Plaintiffs' final contention on appeal is that the trial court erred in considering that the property sought to be annexed was not contiguous to the Jasper School District. We note that the contiguity and compactness factors (Ill. Rev. Stat. 1989, ch. 122, par. 7—4(c)) were not listed as factors the regional board considered in making its determination. The trial court stated in its decision that although the regional board did not list these factors in its finding, the factors may have been part of the decision of the board. Without making a finding as to whether the petitioning property is contiguous, we hold that assuming both the board and the trial court considered the property as not contiguous, such is harmless error. Notwithstanding the contiguity factor there is sufficient evidence to uphold the decision below.

Based on the foregoing, the judgment of the circuit court of Crawford County is affirmed.

Affirmed.

WELCH and HOWERTON, JJ., concur.